(COMMON LAW.)

HARDEN *v.* FISHER ET AL.

Under the 9th article of the treaty of 1794, between the United States and Great Britain, by which it is provided that British subjects, holding lands in the United States, and their heirs, so far as respects those lands, and the remedies incident thereto, should not be considered as aliens; the parties must show that the title to the land for which the suit was commenced was in them, or their ancestors, at the time the treaty was made.

ERROR to the circuit court for the district of New-York. This case was argued, with great learning and ability, by *Hoffman*, for the plaintiff in error, and defendant in ejectment, and by *Stockton*, for the

defendants in error, and plaintiffs in ejectment. But, as the court gave no judgment upon the points discussed, the argument has been omitted.

MARSHALL, Ch. J., delivered the opinion of the court.

This is an action of ejectment, brought by the defendants in error, in the circuit court for the district of New-York, to recover certain lands, which they claim as the heirs of Donald Fisher, deceased. A special verdict was found in the case, which shows that Donald Fisher was a British subject, residing in the city of New-York, and departed this life in the year 1798, leaving the lessors of the plaintiffs in ejectment his heirs at law, who are, also, British subjects. The plaintiffs, being thus found to be British subjects, are incapable of maintaining an action for real estate in the state of New-York, unless they are enabled to do so by the 9th article of the treaty between the United States and Great Britain, made in the year 1794, which provides that British subjects, holding lands in the United States, and their heirs, so far as respects those lands, and the legal remedies incident thereto, should not be considered as aliens. To avail themselves of this treaty, the lessors of the plaintiff below must show that their ancestors held the lands for which this suit was instituted, at the time when it was made. The court does not mean to say that they must show a seisin in fact, or an actual possession of the land, but that the title was in him at the time. This must be

shown in order to bring the case within the protec-tion afforded by the treaty.

The jurors find that Donald Fisher was, on the 1st day of January, in the year 1777, seised in his demesne, as of fee, of the lands and tenements in the declaration mentioned, and was in the actual posses-sion thereof, and continued so seised and possessed, until the rendering the judgment herein after men-tioned.

On the 17th day of April, in the year 1780, the grand jury, for the county of Charlotte, in the state of New-York, found an indictment, stating that Don-ald Fisher (who is the ancestor under whom the lessors of the plaintiffs claim) did, on the 14th day of July, in the year 1777, voluntarily, with force and arms, adhere to the enemies of the state. The re-cord proceeds to state, that " the said Donald Fisher having, according to the form of the act of the Le-gislature, entitled ' an act for the forfeiture and sale of the estates of persons who have adhered to the enemies of the state,' &c. been notified to appear and traverse the said indictment, and not having appeared and traversed within the time, and in the manner in and by the said act limited and required, it is, therefore, considered that the said Donald Fisher do forfeit all and singular the estate, both real and personal, whether in possession, reversion, or re-mainder, had or claimed by him in this state." This judgment was signed on the 29th day of December, 1783, and is the judgment referred to in the special verdict, as herein before mentioned. Under these proceedings the lands in the declaration mentioned

were sold, and the defendants, in the court below, hold under that sale.

There are other points raised in the special verdict, and urged by counsel; but it will be unnecessary to notice them, and the court does not mean to give any opinion on them. The court gave judgment for the plaintiffs below, and that judgment is now before this court on a writ of error.

It is contended by the defendants in error that this judgment having been rendered subsequent to the treaty of peace of 1783, and in direct repugnance thereto, is not merely voidable, but absolutely void. By the plaintiffs it is alleged to be voidable only.

This court cannot now decide that question. The verdict does not find that Donald Fisher held his title until the treaty of 1794 was made, and although nothing is found to show that he has parted with it, yet the court cannot presume that he did not part with it. The verdict ought to have shown that the title was in Donald Fisher when the treaty was made, and continued in him to the time of his death. For this essential defect, the verdict is too imperfect to enable the court to decide on the case. The judgment of the circuit court must, therefore, be reversed, and the cause remanded to that court, with directions to award a *venire facias de novo*.

JUDGMENT. This cause came on to be heard on the transcript of the record of the circuit court for the district of New-York, and was argued by coun-

1816.

Harden
v.
Fisher.

sel; all which being considered, this court is of opinion that there is error in the judgment of the circuit court for the district of New-York, in this, that the said court ought not to have rendered judgment on the said verdict in favour of the plaintiffs in ejectment, because it does not appear certainly, in the said verdict, that the ancestor, under whom they claim, held in law, or in fact, the lands mentioned in the declaration, when the treaty of 1794, between the United States and Great Britain, was made; therefore, it is considered by this court, that the said judgment be reversed, and annulled, and that the cause be remanded to the circuit court, for the district of New-York, with directions to award a *venire facias de novo.*

.Judgment reversed.[a]

a Vide 11 *Johns. Rep.* 418.   Jackson v. Decker.