SAMUEL MILLIGAN,
JAMES O. SHACKLEFORD, } *Judges.*
ALVIN HAWKINS,

---

## W. H. TIBBS and others, plaintiffs in error, vs. JOHN ANDERSON.

WRIT OF ERROR, *CORAM NOBIS. Grounds of.*

1. To authorize a writ of error *coram nobis*, the error of fact complained of must be such as would have prevented the rendition of the judgment if it had fidicially appeared at the former trial. (Crawford v. Williams, 1 Swan, 341.)

THE SAME. *Newly discovered evidence.*

2. Furnishes no ground for this relief. (Bigham v. Brewer, 4 Sneed, 432.

THE SAME.

3, The fact that in an action of trespass on the case for false imprisonment against several defendants, a *nolle prosequi* was entered as to one of the defendants after the cause was called for trial and the jury selected is not such an error of fact as will warrant the granting of this writ.

THE SAME.

4. Nor the discovery since the trial of the fact that previous to the trial the plaintiff received from one of the defendants $150. in satisfaction of his damages.

THE SAME.

5. Nor the discovery since the trial of the fact that the plaintiff was a regularly mustered soldier of the United States army, and was captured by the defendants in regular warfare.

THE SAME. *Trying several causes together.*

6. Nor the fact that two other causes were consolidated with the cause in judgment and tried before the same jury at the same time. But

W. H. Tibbs and others, plaintiffs in error, v. John Anderson.

this is a very loose, irregular and dangerous practice, calculated to destroy the unity and purity of the trial by jury, and is to be discouraged.

THE SAME.   *Presumption in support of Circuit Court.*

7.   When a petition for writ of error *coram nobis* disclosed that two other causes were consolidated with, and tried at the same time with the cause in judgment, such fact not appearing in the record, the Supreme Court is bound from the record itself to treat the case as having been heard under an agreement that the other two should abide the result of the verdict in this.

THE SAME.   *Lack of Diligence at trial.*

8.   Where all the parties were represented at the trial, yielded their assent to the manner in which it was conducted, took no exceptions to the ruling of the Court, and made no motion for a new trial, the term closing, a motion for new trial comes too late.   (Ragsdale v. Buford, 5 Hayw. 119, 120.)

MILLIGAN J., delivered the opinion of the Court:

This is an action of trespass on the case, brought by summons and auxiliary attachment, in the Circuit Court of Hamilton county, by John Anderson against James W. Gillespie, W. H. Tibbs and twenty-one others.   The trespass complained of in the declaration is the unlawful arrest and imprisonment of the defendant in error.—During the progress of the cause in the court below, a *nolle prosequi* was entered as to several of the defendants, and various other intermediate steps taken which we do not deem necessary to notice.

At the June term of said court, 1866, a judgment was rendered against the plaintiffs in error, for $5,000, and an execution awarded with orders of sale, directing the Sheriff to subject the lands of the parties attached to the satisfaction of the judgment.   At the October term following, the

plaintiffs in error exhibited their joint petition to the presiding Judge, and for the reasons therein contained, prayed that the orders of sale and execution of the judgment be superseded and that a writ of error, *coram nobis* be granted to revoke and annul the judgment.

The petition is regularly sworn to, and the character of the petitioners sustained by compergators. The application was heard in open court, and after full argument the petition was disallowed, and the writ refused, from which an appeal in error is prosecuted to this court.

Various errors in fact, are set forth in the petition, many of which do not tend to render the judgment erroneous, much less to preclude its rendition, if such facts had judicially appeared on the former trial. We deem it therefore necessary to notice only such facts as are assigned as error, which it is insisted are reached by the writ prayed for.

By the Code, section 3116, it is declared: "The relief embraced in this article is confined to errors of fact, accruing in proceedings of which the person seeking relief had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake or fraud without fault on his part." (1)

(1) It was said by counsel in Merritt v. Parks, 6 Humph. 332, that the usual case put to illustrate the application of the writ of error *coram nobis*, is that of a judgment rendered against a married woman as a *femme sole*, or against an infant as of full age. In Tennessee this has been held the proper remedy in the following instances: .

1. When the judgment was against a co-surety, after the claim had been barred by the statute of limitations, without notice, appearance or defence. Merritt v. Parks, 6 Humph. 332.

2. When judgment was rendered against sureties by motion without notice. Wynne v. The Governor, 1 Yerg. 149. (Rest of note on next page.)

W. H. Tibbs and others, plaintiffs in error, v. John Anderson.

The grounds of error, in fact, assigned in the petition are in substance as follows:

1. That the petitioners were surprised by the plaintiffs entering a *nolle prosequi* as to James W. Gillespie, one of the defendants, after the cause was called and the jury was selected, from whom he had received, as petitioners are informed and believes, compensation in lieu of his damages when it was too late to plead accord and satisfaction, which they are advised would have been proper.

2. That they have learned subsequent to the trial, that the plaintiff received in lieu and in satisfaction of said damages, $150 from Leonidas Hutchinson, one of the defendants, which was not known to petitioners before the trial, and hence not pleaded.

3. Since the trial of the cause, the petitioners are informed and believe that the plaintiff, John Anderson, was at the time of his arrest regularly enrolled and mustered into the service of the United States, and that he was captured by the said Wm. L. Brown, a Captain in the service of the so called Confederate States, at open war with the United States, and hence said capture was purely an act of war, with which petitioners as citizens had nothing to do.

4. Petitioners are informed that on the trial of this cause, two other causes, viz: The case of A. J. Anderson against petitioners, and John Anderson, administrator of James Anderson, deceased, against the same parties, were consolidated and tried at the same time before the same jury, and the same testimony applied to all three of the causes.

3. When judgment was rendered upon a supposed statutory bond which was never delivered to, in or before the court, where, by the terms of the Statute it should have been executed; that it was never acknowledged before the County Court, and was never recorded. Goodwin v. Saunders, 9 Yerg. 92.

Under this state of facts, as presented in the petition, taking them as true, we are called upon to determine whether they are sufficient to justify the issuance of the writ prayed for or not. The rule in such cases, as laid down in Crawford vs. Williams, 1 Swan, 341, appears to be, that an error in fact, which will render a judgment erroneous, must be such as would have precluded the rendition of such judgment if the fact had judicially appeared at the former trial. (2)

This rule, although established before the Code, is not restricted by it. On the contrary, it is rather enlarged, and made to embrace cases of surprise, accident, mistake or fraud, without fault on the part of the applicant for the. writ.

In this case the plaintiff, in error plead to the action, and by themselves or attorneys, were present at the trial, contesting the right of the defendant in error, to a recovery. The fact that a *nolle prosequi* was entered as to Gillespie,

(2) Birch v. Trist, 8 East, 415. Thus it has been held that irregularities in the conduct of the jury cannot be assigned as error in facts, United States v. Gillis, 1 Pet. O. C. 159. Nor that the charge of the Court was drawn up by one of the counsel in the case. Selin v. Snyder, 11 Serg. & R. 319. Nor that the Court declined answering a question on a point of law put by a juror. Krides v. Lafferty, 1 Wheat. 303. Nor can any thing be assigned as error in fact which appeared and was adjudged at the former suit. Wetmore v. Plant, 5 Conn. 541.

Nor anything which contradicts the record of the former suit. 3 Bac. Ab. Title, Error K. 3. Nor any averment against a sheriff's return. Ridgeway v. Bank of Tenn. 11 Humph. 523, 524; Shepherd v. Brown, *Infra*.

For the proper mode of proceedure in error *coram nobis*, see Williams v. Crawford, 1 Swan, 342; 2 Tidd's practice, 1137, *et seq*; 1 Burrow R. 410; Tyler v. Morris, 4 Dev. & B. 489; Caruther's Law suit, § 536, *et seq.*, and the other Tennessee cases above cited.

one of the defendants below, after the cause was called and the jury selected, could not operate as such a surprise as is contemplated by the act of assembly, or justify the issurance of the writ of error, *coram nobis*.

So, also, the discovery of the fact that the defendant had, previous to the trial received $150.00, in satisfaction of his damages from one of the defendants, which was not known, as stated, in time to plead it, does not bring this case within the principles governing applications of this sort. This allegation is merely newly discovered matter, and however availing it might have been, if properly pleaded in time, or effectual on a motion for a new trial, if made at the proper time, it is impossible for us to say that it would have defeated the plaintiffs' right of action. It may, if properly pleaded, or it may not have done so. It is not therefore such a fact as falls within the principles of law governing this writ.

The same reason applies with equal force to the discovery of the fact, that the plaintiff below, John Anderson, was a soldier, regularly mustered into the service of the United States, and as such, he was captured in the course of regular warfare. These are all the facts in the nature of newly discovered testimony which have come to the knowledge of the plaintiffs in error, since, or at the trial, but it does not appear whether they were ascertained pending the trial, or after its termination and during the term, or after the term closed. If before the close of the term they might have been availing on a motion for a new trial, but no motion was entered, and if after the term, there should have been some reason assigned, that would enable the court to see that there was no want of diligence, on the part of the plaintiffs in error, in discovering the facts they now insist on as rendering the judgment erroneous.

It is therefore now too late by this remedy, for the plaintiffs in error, to avail themselves of these facts. In the case of Brigham vs. Brewer, 4th Sneed, 433, the court say : "If such practice were tolerated it would lead to almost interminable litigation. After a judgment had been regularly rendered and paid off, as in this case, the defendant might discover or fabricate evidence that would have been material on the trial, and he would only have to obtain his writ of error *coram nobis*, assign errors in fact, and proceed to try the whole matter over again. Such practice would render the validity of the judgment of the court too uncertain to comport with sound policy, safety or public confidence, and cannot be sustained upon authority."

The fact that the other cases were consolidated and heard at the same time with the one under consideration, is certainly very loose, irregular and dangerous practice, and well calculated to destroy the unity as well as the purity of the right of trial by jury, and by no means to be encouraged. But the record before us, which is exhibited with the petition, discloses no order of the court consolidating these causes ; nor does it appear from the empanneling and swearing of the jury, that more than the one cause was submitted to the jury. We are bound, therefore, from the record itself, to treat this case as having been heard under an agreement that the other two causes mentioned in the petition, were to abide the result of the one now under consideration.

But be this in point of fact as it may, we do not think the statements in the petition when coupled with the record, exhibited as part of the case, present such a mistake in fact, as entitle the plaintiffs in error to the writ of error *coram nobis*.

W. H. Tibbs and others, plaintiffs in error, v. John Anderson.

The parties were all represented on the trial by attorneys who yielded their assent to the mode in which it was conducted without objection, and after the verdict, took no exceptions to the action of the court, nor did they ever move for a new trial. Judgment final was pronounced on the verdict, and the term closed, after which a motion for a new trial comes too late. Ragsdale vs. Buford, 5 Hayw. 119, 120.

*Judgment affirmde.*