150 U.S. 417
 14 S.Ct. 169
 37 L.Ed. 1128
 SALTONSTALL, Collector of Customs,
v.
BIRTWELL.
 No. 116.
 December 4, 1893.
 
 Statement by Mr. Chief Justice FULLER:
 This was an action to recover duties paid under protest on importations made in 1888. The first count of the plaintiff's declaration was on an account annexed as follows:
 'Boston, July 3, 1888.
 'Leverett Saltonstall, Collector, etc., to Joseph Birtwell, Dr.
 "Feb. 29, 1888. To excess of duty paid
 on 432 pieces of manufactures of iron
 entered ex-steamship Jan. Breydel,
 Feb. 27, 1888..................... $1,800
 "Mch. 14, 1888. To excess of duty paid
 on 4 pieces of manufactures of iron
 entered ex-steamship Petre de
 Connick, Mch.14, 1888............... $ 75" The case was tried by the court under a stipulation waiving a jury, as provided by sections 649 and 700 of the Revised Statutes. No exceptions to rulings in the progress of the trial were saved, and the court made the following findings:
 '(1) That, as a matter of law, the descriptions of iron in the clause under which the defendant acted in this case refer to and are intended to provide for such described forms and shapes of iron in that condition of manufacture when they are complete and merchantable, salable, and dealt in as such described forms and shapes of iron; and do not refer to or provide for such forms and shapes of iron when they have been advanced by manufacture beyond such merchantable, salable condition, to and for a specific purpose and use, as a new product, or component parts of a new product.
 '(2) It is found as a fact that the imports in this case were not within the descriptions of iron provided for in the clause under which the defendant acted, as understood, considered, and treated in trade among dealers, users, and manufacturers in 1883, and since that time.
 '(3) It is found as a fact that the described forms and shapes of iron provided for in the clause under which the defendant acted are, as understood in trade among dealers, users, and manufactures, complete as such described forms and shapes of iron when they are completed by rolling and squaring ends; and it is further found as a fact that the imports in this case had been since completed by rolling and squaring ends, advanced by manufacture, fitting, shaping, etc., and made complete, ready, and intended for use as component parts of the frame or foundation of the floor in the third story of the courthouse now being erected in Boston.
 '(4) It is further found as a fact that in commercial designation, habit, and dealing among merchants, users, and manufactures, the descriptive words applied to iron in the clause used by the defendant did in 1883 mean or refer to such described forms and shapes of iron as are rolled with ends squared, and did exclude such described forms and shapes of iron when manufactured beyond such rolled condition to and for a special particular use and purpose.
 '(5) It is further found as a fact that the imports in this case could not be bought and sold in the open general market at regular prices as and for any of the descriptions of iron named in the clause under which the defendant acted.
 '(6) It is further found as a fact that the plaintiff duly protested to the defendant collector against the exaction of the duty paid, and appealed to the secretary of the treasury, who affirmed the action of the defendant, whereupon the plaintiff in due time brought this suit.'
 Judgment was thereupon rendered for the recovery of the sum of $1,853.75 damages, and costs. This writ of error was then sued out, and the following errors assigned: 'That said judgment is effoneous, in that the facts are not sufficient to authorize the same in law; and that said judgment is erroneous, from the facts found, in not being a judgment in favor of the defendant.' The record contains the opinion of the court, which is reported in 39 Fed. 383.
 Asst. Atty. Gen. Whitney, for plaintiff in error.
 J. P. Tucker and Wm. A. Maury, for defendant in error.
 Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 We are of opinion that the facts set forth in the special findings are not sufficient to support the judgment. The findings do not show what the collector charged the plaintiff, nor sufficiently describe the articles imported, nor does it appear from the record under what provisions of the tariff act of March 3, 1883, (22 Stat. 488,) the parties claimed respectively. The opinion might help the findings out, but cannot be resorted to for that purpose. Dickinson v. Bank, 16 Wall. 250.
 
 
 2
 We are unable, therefore, to direct judgment for either party. Insurance Co. v. Stark, 6 Cranch, 268, 273; Harden v. Fisher, 1 Wheat. 300, 303; Barnes v. Williams, 11 Wheat. 415; McArthur v. Porter, 1 Pet. 627; Ex parte French, 91 U. S. 423; Ryan v. Carter, 93 U. S. 78, 81; Hodges v. Easton, 106 U. S. 408, 411, 1 Sup. Ct. 307; Ft. Scott v. Hickman, 112 U. S. 150, 165, 5 Sup. Ct. 56; Spring Works Co. v. Spalding, 116 U. S. 541, 545, 546, 6 Sup. Ct. 498; Allen v. Bank, 120 U. S. 20, 30, 40, 7 Sup. Ct. 460; Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. 57; Lloyd v. McWilliams, 137 U. S. 576, 11 Sup. Ct. 173.
 
 
 3
 Judgment reversed, and cause remanded for a new trial.