MORELAND *et al. v.* STATE *ex rel.* McCRAY and four other cases.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

146

NAT TIPTON, Assistant Attorney-General, for plaintiffs in error.

LEM L. REECE, of Elizabethton, for defendants in error HILDA McCRAY, J. I. REECE, LEM L. REECE, and C. C. CORPENING.

OSCAR M. FAIR, of Johnson City, for defendant in error J. P. BOWERS.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

These cases, heard together, are before us on petitions for *certiorari* by which the sheriff of Davidson county seeks a review of orders of the judge of the circuit court of Carter county discharging the relators, who were held in custody under *capiases* from the criminal court of the former county.

Relators J. I. Reece, Lem L. Reece, C. C. Corpening, and Hilda McCray were indicted by the grand jury in the criminal court of Davidson county for perjury. The same body returned indictments for conspiracy to defraud the state against J. I. Reece, Lem L. Reece, C. C. Corpening, and one J. P. Bowers.

After the indictments were found, the parties were located in Carter county and the sheriff of that county, at the request of the sheriff of Davidson county, took them in custody, awaiting the arrival of deputies from Davidson county with *capiases*. Thereupon, without appearance in the criminal court of Davidson county, the relators filed petitions for *habeas corpus* before the circuit judge of Carter county. A hearing was had, to which the sheriff of Davidson county became a party, and the relators were discharged, as above stated.

Relators concede that the writ of *habeas corpus* cannot be employed as a substitute for a writ of error or an appeal to review errors of another court, and their argument to sustain the action of the circuit judge in Carter county rests on the proposition that the criminal court of Davidson county was without jurisdiction in the premises because the indictments there found were void.

The authorities relied on by relators, in which defendants, under indictment in one court and before any hearing in that court, were released on the writ of *habeas*

*corpus* by another court, are cases in which it was held, for one reason or another, the first court was without jurisdiction. Cases collected in 29 C. J., 43; 29 C. J., 67.

In *Cullom* v. *O'Brien*, 3 Tenn. Civ. App. (3 Higgins), 15, Judge HALL concludes a somewhat extensive review of the authorities with the following:

"However the authorities may differ with respect to the scope of inquiry on this writ in cases of commitment before indictment, they are agreed that after an indictment has been found the jurisdiction of the Court or Judge is the only proper subject of inquiry, and no examination will be held as to the proceedings of the magistrate or as to his error or irregularities. The merits of the detention do not constitute the point to be decided. The question of a prisoner's guilt or innocence of a crime for which he is indicted can in no case be decided on an application for discharge."

The relators insist that the indictments herein are absolutely void, mere nullities, and, as such, conferred on the criminal court of Davidson county no jurisdiction to try relators upon the charges so preferred. For the purposes of this case, we assume an indictment may be so fatally defective as to give the court to which it is returned no jurisdiction, and to justify the discharge on *habeas corpus* by another court of a defendant, prior to any appearance or plea by that defendant in the court in which he is charged. Are the indictments before us of such character? In other words, are they void, as held below?

The principal point made against these indictments is that they were not signed by the Attorney General for Davidson county but by an Attorney General *pro tem-*

*pore*, for whose appointment it is insisted there was no valid reason.

The record contains an order of the judge of the criminal court of Davidson county appointing Jack Norman, Esquire, a member of the Nashville bar, Attorney General *pro tempore*, to prosecute relators on account of the matters with which they are herein charged, and the indictments preferred are signed by said Norman as such Attorney General *pro tempore*. The order of the criminal judge sets out at length his reasons for taking this action. Without going into details, it is sufficient to say that circumstances are recited which convinced the criminal court judge that the regular Attorney General for Davidson county was willfully refusing to prosecute relators, notwithstanding a state of facts had developed in the trial of another case, in which the Attorney General had participated, showing there was probable cause for believing the relators guilty as herein charged.

The Attorney General for Davidson county vigorously denies any misconduct in the matter and, although present at the term of court, defends the course of conduct pursued by him and sets out his reasons.

The merits of this issue between the criminal court judge and the Attorney General are not to be determined by us on this hearing.

The question is not whether the criminal court judge erred in appointing an Attorney General *pro tempore*, but whether he exceeded his jurisdiction. Unless the criminal court judge exceeded his jurisdiction, then all that can be said with reference to the finding of the indictments herein is that an irregularity was involved, not going to the jurisdiction of the court. Such irregular-

ities are not a sufficient ground for the discharge of·a de-fendant on the writ of *habeas corpus* although the in-dictments may be fatally defective on a motion to quash, demurrer or plea in abatement. Such is the law in Ten-nessee, as declared in *Cullom* v. *O'Brien, supra,* and the decisions of other courts seem to be in accord. See cases collected in a note L. R. A., 1918B, 1167.

Article 6, section 5, of the Constitution, contains the following:

"In all cases where the Attorney for any district fails or refuses to attend and prosecute according to law, the Court shall have power to appoint an Attorney *pro tempore.*"

Section 9967 of the Code is in these words:

"If the district attorney fails to attend any term of the circuit or criminal court, or is disqualified from act-ing, or if there is a vacancy in the office, the court shall appoint some other attorney to supply his place tem-porarily."

It will be observed that the statute, in some re-spects, is narrower than the constitutional provision above quoted. The statute, however, could not derogate from the constitutional powers conferred upon the court. Some of our cases have considered the statute only, with-out reference to section 5 of article 6 of the Constitution, and have treated the matter as though the court was with-out authority to make a *pro tempore* appointment, un-less the district attorney failed to attend the term of court, or was disqualified, or unless there was a vacancy in the office.

The Constitution, however, does not so limit the power of the court. Under section 5 of article 6, if the Attorney

General fails or refuses to attend or fails and refuses to prosecute according to law, in either event, the court is authorized to make a *pro tempore* appointment. In other words, the Attorney General must not only attend but he must prosecute according to law.

This section of the Constitution was so construed in *Turner* v. *State*, 89 Tenn., 547, 557, 15 S. W., 838, 841, where it was said:

"The constitution says the attorney general must 'attend and prosecute.' Therefore, though he attend, yet should he fail to prosecute, whether from sickness or any other cause, the court may appoint."

Since the power to make a *pro tempore* appointment to this office is intrusted to the court, when the Attorney General fails or refuses to prosecute according to law, it necessarily follows that there is committed to the jurisdiction of the court the power to determine whether or not, as a matter of fact, the Attorney General has failed and refused to prosecute according to law.

The judge of the criminal court of Davidson county may have erroneously determined that the Attorney General of that county failed and refused herein to prosecute according to law. Such a conclusion, however, was at most merely an error, and, as we have seen, the writ of *habeas corpus* is not available for the review of such an error. Jurisdiction of the criminal court to make the order herein assailed, in our opinion, is necessarily implied from the language of section 5 of article 6, as construed in *Turner* v. *State, supra.*

The relators Corpening and Lem L. Reece insist that the indictments herein found against them for conspiracy to defraud the state are void because they say they were

summoned before the grand jury and compelled to testify before that body about the very offense for which they are so indicted.

Section 11593 of the Code provides that ''no witness shall be indicted for any offense in relation to which he has testified before the grand jury.'' This statute merely confers an immunity. This immunity is available when duly set up in the court to which the indictment has been returned. An immunity is nothing but a personal privilege. The jurisdiction of the court is not touched by the grant of an immunity. This particular immunity, like other immunities, may be waived. *Wireman* v. *State*, 146 Tenn., 676, 244 S. W., 488.

Some other points are made by relators upon the indictments under which they are held, but we are satisfied that none of these objections go to the jurisdiction of the court to which the indictments were returned. All these matters can probably be raised after appearance by relators in the criminal court of Davidson county.

For the reasons stated, we think the action of the judge of the circuit court of Carter county in discharging these relators was improper.

The orders below will be reversed and set aside, and relators remanded to the custody of the sheriff of Davidson county.