STATE, ex rel. ALEXANDER, DIST. ATTY. *v.* HUTTO

No. 40064          January 16, 1956          84 So. 2d 528

*Henry & Barbour,* Yazoo City, for appellant.

*Creekmore & Beacham,* Jackson, for appellee.

ROBERDS, P. J.

This is a quo warranto proceeding, instituted in the name of the District Attorney, to oust Mrs. H. G. Hutto as trustee of Eden Consolidated School District, located in Yazoo County, Mississippi. The petition avers that her election was illegal because the polls closed at three-thirty o'clock, p. m., whereas the applicable statute required the polls to remain open from two to four o'clock in the afternoon. Section 9, Chapter 12, Laws of Miss. 1953, Extraordinary Session.

Mrs. Hutto, in her answer, among other contentions, says that the cited statute was not applicable to her election. She contends that the controlling statute was subsection (b) of Section 6422, Miss. Code 1942, which section contains no requirement as to the time the polls shall remain open.

In this contention we think she is correct. Said subsection (b) of Section 6422 is the applicable statute unless it was repealed by said Chapter 12. In Grenada County School Board et al. v. Provine et al. 224 Miss. 574, 80 So. 2d 798, this Court said:

"Thus the Legislature, in its enactments at the extraordinary session of 1953, wrought a great change in the public school system of the State. It determined that reorganizations and consolidations should be effected as soon as practicable, but at all events by July 1, 1957. In order to carry out the program, it therefore abolished all school districts in existence in the State. But then, in the next breath, in order to prevent chaos

in the educational life of the State, it breathed new life into the districts and provided that they should 'continue to exist with all the powers, rights, privileges, and prerogatives thereof as now provided by law until such school district shall be reconstituted or the territory thereof consolidated with other territory as is hereinafter prescribed.' Laws 1953 Ex. Sess. c. 12, Sec. 1. All boards of trustees were likewise continued in office until the reorganizations and consolidations were effected, 'with all of the existing powers, duties, authority, rights, and privileges thereof * * *.' Laws 1953 Ex. Sess. c. 12, Sec. 7 (a).

"The obvious purpose of the acts was to keep the existing schools in operation, just as they were at the time of the passage of these legislative acts, until the mandatory reorganizations and consolidations have been effectuated. For the intervening time, between the approval of the acts and the consummation of the reorganizations and consolidations, it was the evident purpose of the Legislature to preserve all rights under existing laws. Sections 6333, 6336 and 6352, supra, although expressly repealed, as above mentioned, are therefore in fact preserved in full force and effect during this intervening period, and were available to the appellees in the assertion of their rights and in obtaining the relief which they sought."

It is not contended in the case at bar that any attempt had been made to abolish, consolidate or reorganize Eden Consolidated School District. That being true, subsection (b) of Section 6422 controlled the election at which Mrs. Hutto was elected.

Affirmed.

*Lee, Arrington, Ethridge,* and *Gillespie,* JJ., concur.