## GOLDSBY *v.* STATE

No. 39739          April 21, 1958          102 So. 2d 215

*George N. Leighton,* Chicago, Illinois, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

ROBERDS, P. J.

ON MOTION TO SET NEW DATE FOR EXECUTION

We have for consideration a motion of the Attorney General of Mississippi to set a new date for the execution of the respondent. Respondent objects to the motion on the ground that he is endeavoring to perfect an appeal from a judgment of the United States District Court for the Northern District of Mississippi, Greenville Division, which denied his application for a writ of habeas corpus and remanded him to the possession of the Superintendent of the penitentiary of the State of Mississippi.

According to the record before us this is the journey this litigation has taken.

In November 1954 respondent was convicted of murder in the Second Judicial District of Carroll County, Mississippi, and sentenced to death.

On March 28, 1955, this Court affirmed that judgment and sentence and set the date of execution for Friday, May 13, 1955. Goldsby v. State, 226 Miss. 1, 78 So. 2d 762.

On May 11, 1955, an appeal was granted from that action by the Chief Justice of this Court, thereby staying said execution.

On December 12, 1955, the Supreme Court of the United States denied certiorari. 350 U. S. 925, 76 S. Ct. 216, 100 L. Ed. 809.

On January 16, 1956, on motion made by the Attorney General of Mississippi, this Court again fixed the date of execution of respondent as Friday, February 24, 1956. 84 So. 2d 528.

On February 21, 1956, respondent filed in this Court a petition for writ of error coram nobis, which petition this Court denied. 86 So. 2d 27.

An appeal from that action was prosecuted to the Supreme Court of the United States and on December 10, 1956, that court denied the petition for writ of certiorari. 77 S. Ct. 266.

On January 7, 1957, on proper motion, this Court again set the date for the execution as Tuesday, February 12, 1957. Goldsby v. State, 91 So. 2d 750.

Respondent then filed a petition in the United States District Court for the Northern District of Mississippi for a writ of habeas corpus. On July 29, 1957, Judge Allen Cox denied the petition and declined to issue a certificate of probable cause.

On February 8, 1957, a motion for stay of execution was heard by Judge Wayne G. Borah, United States Circuit Court of Appeals, Fifth Circuit, which motion was denied.

On Febrauary 11, 1957, the Honorable Earl Warren, Chief Justice of the Supreme Court of the United States, granted respondent a stay of execution "until petitioner has had opportunity to exhaust his federal rights in this proceeding."

An appeal was then perfected to the United States Circuit Court of Appeals, Fifth Circuit, from the foregoing order of Judge Allen Cox.

November 20, 1957, said Circuit Court of Appeals, Fifth Circuit, remanded the cause to the United States District Court for the Northern District of Mississippi.

The matter was heard finally by Judge Claude F. Clayton, who had succeeded Judge Cox as District Judge, upon petition and proof. On April 3, 1958, the petition was dismissed by Judge Clayton and Goldsby was remanded to the custody of the Superintendent of the Mississippi State Penitentiary. Judge Clayton refused to issue a certificate of probable cause and the request of Goldsby for an appeal to the United States Circuit Court of Appeals, Fifth Circuit, was denied.

Section 2251, Title 28, U. S. C. A., provides that any judge or justice of the United States before whom a habeas corpus proceeding is pending may, pending an appeal, stay proceedings against any person detained in any state court or by or under authority of any state for any matter involved in the habeas corpus proceeding. If no stay is granted the state "proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending".

Section 2253, Title 28, U. S. C. A., provides that an appeal may be taken from a final order of a circuit or district judge in a habeas corpus proceeding but such appeal may not be taken "unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause". In Sykes v. Peppersack, Warden, 213 F. 2d 871, effort was made to prosecute an appeal from an order discharging a petition for writ of

habeas corpus and remanding the petitioner to the custody of the warden of the penitentiary without obtaining a certificate of probable cause, as required by said Section 2253. The court said: "The appellant has failed to obtain, however, the certificate of probable cause required by 28 U. S. C. Section 2253. The appeal will accordingly be dismissed."

Thus it is seen that no appeal has been prosecuted and no restraining order has been obtained. Under the circumstances we perceive that this court is not prohibited from, but is under a duty to, set another date for the execution of Goldsby. ██ The motion so to do will be sustained and Thursday, May 29, 1958, is hereby set for the date of execution.

So ordered.

All Justices concur.