Samuel J. Johnson

*v.*

Lake F. Russell, Warden.

404 S.W.2d 471.

(*Knoxville,* September Term, 1965.)

Opinion filed June 3, 1966.

WALTER B. JOHNSON, Knoxville, for petitioner.

GEORGE F. McCANLESS, Attorney General, and WILLIAM H. LASSITER, Assistant Attorney General, and EDWARD E. DAVIS, District Attorney General, Chattanooga, prosecuted case for the State in trial court, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The petitioner, Johnson, is presently confined in the Brushy Mountain State Penitentiary at Petros. He filed a petition for the writ of habeas corpus against the Warden in the Criminal Court of Morgan County. This petition was transferred for hearing to the Criminal Court of Hamilton County pursuant to the authority vested in the Chief Justice by Chapter 234 of the Public Acts of 1965. The trial judge of Hamilton County summarily dismissed the petition, and from this dismissal the present appeal comes.

According to the allegations of the petition, the petitioner was convicted in the Criminal Court of Hamilton County on three separate indictments for the crimes of receiving and concealing stolen property and was sentenced to ten years, three years and seven years, respectively, in each case. From these convictions an appeal was taken to this Court and the convictions were affirmed by an opinion of this Court rendered on June 4, 1965, and prepared for this Court by the late Mr. Justice Andrew O. Holmes.

On November 30, 1965, the present petition was filed alleging that these convictions in the Hamilton County Criminal Court were invalid because: (1) The petitioner was a victim of an illegal search conducted upon his premises in Hamilton County, Tennessee, and all three

convictions were based upon this illegal search. (2) He was denied his right to be taken before a committing magistrate for a preliminary hearing in each of the three cases. (3) He was not permitted to be faced by his accuser. (4) Subsequent to this conviction, he discovered that the interrogator for the Attorney General's office of Hamilton County broke into his premises approximately one day before a search was made of his premises and made an inventory of the parts located at said premises, and that based upon this illegal entry and search a subsequent search and seizure were made upon which he was convicted.

■ The present petition was summarily denied on February 16, 1966. The trial court, after reviewing the petition, found that it did not meet the mandatory requirements set out by this Court in *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290. The court also found that the petition was a collateral attack against a valid judgment and conviction and that the verdict and judgment of the Criminal Court of Hamilton County in the original case had been reviewed and approved by this Court. The counsel for the petitioner in this habeas corpus case was appointed by this Court and has presented an able brief and argument before the Court. We thank him sincerely for this work. This being a civil proceeding we have no authority to compensate counsel in such habeas corpus or *coram nobis* actions.

The assignments here are to the effect that the trial court erred (1) in not treating this petition as a petition for *coram nobis* because the petitioner sets out in the petition facts which show that subsequent to his conviction he discovered new evidence which, if true, would void his conviction; (2) that the trial court erred in

denying the writ of error *coram nobis* on the ground that newly discovered evidence, if proven, would show that the petitioner had been deprived of his rights under the Fourth Amendment of the Constitution of the United States and under Section 1, Article 7 of the Tennessee Constitution.

After carefully reviewing this record, reading the briefs, authorities, etc., we now have the matter for disposition.

The main argument is that we should treat the present petition as a petition for the writ of error *coram nobis,* but that if we cannot we should remand it to the Criminal Court of Hamilton County for a hearing because of illegal evidence discovered by the petitioner subsequent to the convictions. This record shows that the document which the petitioner filed in the Criminal Court of Morgan County, and which was transferred to Hamilton County, is really a petition for habeas corpus, and the petitioner clearly has failed to comply with the requirements of T.C.A. sec. 23-1807(2) in that he has not annexed a copy of the legal process or judgments under which he is restrained or given a satisfactory reason for its absence. Therefore, purely for this technical reason the petition for habeas corpus should be denied under the authority of *State ex rel. Kuntz v. Bomar,* supra.

██ In 1955 the Legislature of this State amended the *coram nobis* statute, which prior to that time did not apply to criminal cases. *Green v. State,* 187 Tenn. 545, 216 S.W.2d 305. This statute though, as amended, is now available to convicted defendants in criminal cases, and in its application is governed by the same rules and procedures applicable to the writ of error *coram nobis* in civil cases except insofar as the statute is inconsistent

with T.C.A. secs. 27-701—27-708. The relief obtainable according to T.C.A. sec. 40-3411 by this proceeding is confined to errors outside of the record and to matters that were not and could not have been litigated on the trial of the case, or on a motion for a new trial, or appeal in the nature of a writ of error, or a writ of error or a habeas corpus proceeding. The statute further provides that notice of suing out of this writ shall be served upon the District Attorney General.

■■ T.C.A. sec. 27-703 provides that the writ of error *coram nobis* is available within one year of the rendition of the judgment by a petition presented to a judge in chambers or in open court. The rendition of the judgments complained of in the instant case occurred on October 9, 1963, and, of course, the trial judge could take judicial notice of this fact since it was in his court that the present petition was heard. In other words, it was before the same trial judge who tried the man on the original three convictions. Since the rendition of these judgments occurred more than a year before the filing of the petition herein on November 30, 1965, technically this document was properly treated as a petition for the writ of habeas corpus rather than a petition for the writ of error *coram nobis*.

■ Treating this writ as it is treated in civil cases, where the civil remedy is applied for upon the ground of newly discovered evidence, it has been held that the things now sought to be brought up after the term of court is closed that the person filing such petition must assign some reason which will enable the court to see that there was no want of diligence in discovering the same. *Tibbs v. Anderson,* 1 Tenn.Cas. 189. Thus it appears from what has been heretofore said in the present case this

petition as a petition for the writ of error *coram nobis* comes too late. Even if this evidence would nullify the convictions, it is not sufficient to warrant an evidentiary hearing in the matters where the present petition has failed to comply with the mandatory requirements set out in T.C.A. sec. 23-1807(2).

In the opinion of this Court, referred to above, in these three cases, the Court said:

"On July 21, 1963, officers of the Chattanooga Police Department were watching a garage in a building located on the corner of Rossville Boulevard and Washington Street in the city of Chattanooga. This garage faces on Washington Street, and the officers were in the building of the Chattanooga Sausage Company, which is directly across Washington Street from this garage. These officers saw the defendant enter the garage in a truck and sent word for others to come to the scene. A few minutes later a Chattanooga police officer arrived at the scene in an automobile with its siren on. The defendant came to the door of the garage and looked out. The officers on the outside of the garage ordered him to come out and to drop to the ground a 45-caliber pistol which defendant had in his pocket loaded and cocked. This the defendant did. Shortly thereafter, and before any of the police officers entered the garage, a police officer arrived with a search warrant which had been issued on July 20, 1963 by the Honorable Campbell Carden, a Criminal Court Judge of Hamilton County. The search warrant was served on the defendant. * * *"

■ We have again been furnished with a copy of the transcript of the hearing in the original convictions in

Hamilton County and find upon a re-reading of this transcript that an able counsel was employed for the petitioner who raised the question as to the validity of this search warrant as to its description, etc., which this Court ruled upon in its opinion heretofore referred to. In consideration of this question officers of the law were placed upon the stand by counsel for the petitioner and they described how the search was made. It was clearly shown there that this building in which the petitioner was in had been padlocked and the officers expressly state in the investigation they made that there was no search of this building prior to the time that these officers served this search warrant upon the petitioner after they arrived at the scene and the petitioner came out of the building and dropped his pistol. It was then, according to this transcript that the search warrant was served upon the petitioner and then a search was made. In the investigation of this matter, which was heard before the criminal court on the original convictions, counsel for plaintiff in error, petitioner here, asked the investigator of the Attorney General's office, who is accused of having gone into this building prior to the serving of the search warrant, this:

"Mr. Schoolfield: You were there waiting for Officer Williams to get there with a search warrant?

"Witness: That is correct.

"Mr. Schoolfield: All right.

"Mr. Davis (District Attorney General): Mr. Mallicoat, there was no search of the premises of the defendant before Officer Williams got there with the search warrant?

"Witness: Absolutely not."

Thus it is, the record of the trial of these cases when this man was convicted clearly shows by the evidence of these officers that there was no search made of these premises prior to this man being served with a search warrant. Clearly, this being true, the trial judge had tried these cases when this man was first convicted, and had knowledge of this fact because these questions were asked before him, and and it would have been useless for him to have an evidentiary hearing in this habeas corpus proceeding to have heard again the proof that he heard then. The mere fact that these things were asked at the time this man was originally convicted and there was nothing else done about it negatives any claims that he now makes that a search was conducted of his premises prior to his being served with a search warrant.

Thus it is, in addition to the technical reasons why this petition should not be heard as a writ of error *coram nobis,* the mere facts of the trial at the time of the original convictions show that petitioner charged all these things back at the time he was tried and he should not now again be able to come forward and make this same contention.

A writ of error *coram nobis* will ordinarily not lie to permit the review of a judgment for subsequently or newly discovered evidence relating to matters which have been litigated at the trial. *Wetzel v. State,* 225 Miss. 450, 76 So.2d 188, 194, 78 So.2d 774, 84 So.2d 429, 91 So.2d 750. The merits and demerits that have already been tried in court will not be allowed to be gone into again upon a writ of error *coram nobis. Goldsby v. State,* 226 Miss. 1, 78 So.2d 762, 84 So.2d 528, 86 So.2d 27, 91 So.2d 750. These authorities are cited and this statement is conceded by counsel for the petitioner in the present hearing.

Counsel for the petitioner in the present hearing apparently did not have access to the transcript of the original hearing when the man was convicted where it is shown, as above, that this petitioner did have knowledge and there was positive evidence that no entrance was made prior to this time.

We have carefully considered all of petitioner's claims on this petition for habeas corpus and think under circumstances and the record as here shown that the trial judge was eminently correct in dismissing this petition for habeas corpus and in not treating it as a petition for writ of error *coram nobis*. The judgment below is affirmed.