William H. GODDARD,
Plaintiff-Petitioner,

v.

SEVIER COUNTY, Tennessee,
Defendant-Respondent.

Supreme Court of Tennessee.

Aug. 31, 1981.

A. Benjamin Strand, Jr., Dandridge, for plaintiff-petitioner.

Ronald E. Sharp, Sevierville, for defendant-respondent.

## OPINION

BROCK, Justice.

The plaintiff, an attorney, seeks to recover compensation for services rendered by him pursuant to an order entered by the Chancellor for Sevier County appointing the plaintiff "to act in the place and stead of the District Attorney General in all matters in this cause." The cause in which the plaintiff was appointed to act was styled "In Re: Clerk and Master of Sevier County," a summary proceeding instigated by the Chancellor himself seeking to remove the Clerk and Master from office. It is not disputed that the services rendered by the plaintiff in this capacity were of the value of $3,940.00.

The defendant herein, Sevier County, filed a motion for summary judgment, supported by affidavits, which was met by the plaintiff's own motion for summary judgment also supported by affidavit. The special chancellor found the issues in favor of the plaintiff, overruled the motion for summary judgment filed by the defendant and granted the motion filed by the plaintiff. On appeal, the Court of Appeals in a split decision reversed the decree of the Chancellor and granted the defendant's motion for

summary judgment, dismissing the complaint. We granted the plaintiff's application for permission to appeal.

Chancellor Earl Hendry, conceiving that the Clerk and Master of Sevier County was guilty of some kind of official misconduct, which is not detailed in this record, on September 1, 1976, at 11:45 p. m., entered an order enjoining the Clerk and Master from performing any of the duties of her office and suspending her from office pending further order of the court.[1] He also ordered an immediate and detailed audit of the Clerk and Master's office to be made by a certified public accountant.

According to recitals made in an order entered by Chancellor Hendry on September 18, 1976, he

". . . additionally invoked the powers granted under T.C.A. 18–116 et seq. (now T.C.A. § 18–1–111 et seq.), by directing the District Attorney General for the Second Judicial Circuit to proceed with an investigation and, after conferring with the certified public accountants on the scene and viewing the records in the Clerk and Master's office the said District Attorney General (not having qualified personnel to conduct such an investigation) agreed for the investigation by the certified public accountants to go forward, in lieu of any further civil investigation by his office, and that copies of all reports by the said CPAs be furnished to him and all others properly interested therein under the law; and further, that no other investigation (civil) or report (under T.C.A. 18–116 et seq.) would be forthcoming from his office to the court. . . . Finally, upon learning from the court that counsel for Peggy Marshall [the Clerk and Master] had demanded an immediate hearing from the court which was scheduled for Tuesday, September 21, 1976, and the said District Attorney General having a criminal court conflict on said date, thereupon, the order of September 15, 1976, was entered by the court with approval of the District Attorney

General (as appears in this record) appointing William Goddard as special prosecutor herein, who is thereby authorized to operate in this cause independently of the office of the District Attorney General."

The order entered on September 15, 1976, appointing the plaintiff, is as follows:

## "ORDER

"In this cause, due to a conflict with criminal court set in Cocke County *and the regular District Attorney General being unable to appear,*

"IT IS HEREBY ORDERED that The Honorable William Goddard of the Jefferson County Bar is hereby appointed to act in the place and stead of the District Attorney General in all matters in this cause.

"Enter: this __15th__ day of September 1976." (Emphasis added.)

The order was signed by Chancellor Hendry and was approved by the District Attorney General for the Second Judicial Circuit of Tennessee.

■ Chancellors and other trial judges of this state are clearly authorized to remove by summary proceedings their clerks of court for official misconduct in office. T.C.A. § 18–1–301 through 18–1–304. To this end, it is provided:

"The court may direct the district attorney general to file and prosecute the charges, if thought proper, and may suspend the clerk and appoint a clerk pro tempore, until the proceedings are finally terminated, as provided in § 18–1–303." T.C.A. § 18–1–304.

In the instant case Chancellor Hendry did not formally appoint the District Attorney General to file and prosecute the charges but, as we have seen, he did appoint the plaintiff attorney, Mr. Goddard, "to act in the place and stead of the District Attorney General in all matters in this cause." According to the recital in the order of the

---

**1.** The Clerk and Master, Peggy Marshall, was subsequently found not guilty of any official misconduct and was restored to her office.

Chancellor, verified by the affidavit of the District Attorney General, the appointment was made because the regular District Attorney General was unable to appear and prosecute the cause against the Clerk and Master "due to a conflict with criminal court set in Cocke County." The question arises then, whether this appointment of Mr. Goddard amounted to the appointment of a District Attorney General pro tem, as insisted by the plaintiff.

It is provided in Article VI, § 5 of the Constitution of Tennessee that:

"In all cases where the attorney for any district fails or refuses to attend and prosecute according to law, the court shall have power to appoint an attorney pro tempore."

And, by statute, T.C.A., § 8–7–106, it is provided:

"*District attorney general pro tem.*—If the district attorney general fails to attend any term of the circuit or criminal court, or is disqualified from acting, or if there is a vacancy in the office, the court shall appoint some other attorney to supply his place temporarily. The acts of such district attorney general pro tem shall be as valid as if done by the regular officer, and he shall be entitled to the same privileges, and emoluments."

■ In mentioning only the circuit or criminal court, the statute is more restrictive then the constitutional provision above quoted. But, of course, the constitution takes preference over the statute, and we hold that an attorney general pro tem may properly be appointed in the chancery or other trial court as well as in the circuit or criminal court, so long as he has an official duty to appear in such chancery or other trial court.

The constitutional and statutory provisions above quoted have been held to authorize appointment of a district attorney general pro tem where the incumbent could not attend, or failed or refused to attend or failed or refused to prosecute, although in attendance. *Turner v. State*, 89 Tenn. 547, 15 S.W. 838 (1891); *Douglass v. State*, 14 Tenn. 525 (1834); *Wilson v. The State*, 16 Tenn. 509 (1835); *Pippin v. The State*, 34 Tenn. 43 (1854); *Moreland v. State*, 168 Tenn. 145, 76 S.W.2d 319 (1934).

■ In this case the embattled Clerk and Master, Peggy Marshall, through counsel, had demanded an immediate hearing and the public was entitled to have the Chancellor's charges aired and determined as soon as possible. Therefore, Chancellor Hendry acted correctly when he set the case at the earliest date that both he and the Clerk and Master could attend, September 21, 1976. It was within his discretion to insist that the hearing be conducted on that date. We conclude, upon the facts of this case and under the law above set out, that Chancellor Hendry had the power to and in fact did appoint plaintiff, Mr. Goddard, as district attorney general pro tem in the instant case.

■ It does not follow, however, that Sevier County is obligated to pay the compensation to which Mr. Goddard is entitled for his services. We are not aware of any court decision or statute providing that the county shall be responsible for the compensation of a district attorney general pro tem in the circumstances of this case.[2] We must hold, therefore, that the defendant, Sevier County, is not liable to the plaintiff in this case.

It would appear that the plaintiff, Mr. Goddard, should pursue his remedy against the State of Tennessee pursuant to the provision of T.C.A. § 8–7–106 that, as district attorney general pro tem, "he shall be entitled to the same privileges, and emoluments" as the regular district attorney general. Of course, one of the principal emoluments is the compensation fixed by law for the district attorney general.

Unfortunately for the plaintiff, Mr. Goddard, the state is not a party to this action and no judgment can be rendered against it herein.

2. Neither is there authority for holding the county liable for the compensation of an attorney appointed to act as "assistant to the court." *See: Scott v. State*, 216 Tenn. 375, 392 S.W.2d 681 (1965); *Johnson v. Russell*, 218 Tenn. 443, 404 S.W.2d 471 (1966); *Waters v. State, ex rel., Schmutzer*, Tenn., 583 S.W.2d 756, 764 (1979).

The decree of the Court of Appeals is affirmed and costs incurred in this Court are assessed against the appellant.

HARBISON, C. J., and FONES and COOPER, JJ., concur.