IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2011

## MICHAEL LEE MCKINNEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 279377     Don W. Poole**

**No. E2011-00681-CCA-R3-HC - Filed November 14, 2011**

The Petitioner, Michael Lee McKinney, appeals the Hamilton County Criminal Court's summary dismissal of his pro se petition for writ of habeas corpus seeking relief from his eight-year sentence for reckless aggravated assault. On appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition without a hearing or the appointment of counsel. Because the Petitioner has failed to comply with the procedural prerequisites for seeking habeas corpus relief, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Michael Lee McKinney, Chattanooga, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

The record on appeal is sparse. On March 3, 2011, the Petitioner filed a pro se petition for writ of habeas corpus seeking relief from his eight-year sentence for reckless aggravated assault, citing the relevant case no. 255664. The entire one-page, handwritten petition reads as follows:

1. On 6/27/05, the [Petitioner] . . . was charged with reckless endangerment, not aggravated assault.

2. An assault never took place.

3. On 11/26/07, [the Petitioner] was placed on community corrections after the Assistant District Attorney, Public Defender Ardena Garth, and Honorable Judge Don Poole, all agreed in open court that an assault never occurred.

4. This writ of habeas corpus is entered pro se without counsel of appointed attorney Lorie Miller.

The record does not contain the factual basis of the Petitioner's conviction, and it does not appear that the Petitioner pursued either a direct appeal of his sentence or sought post-conviction relief.

The habeas corpus court summarily dismissed the petition by written order dated March 15, 2011. In its order, the habeas corpus court first found that the Petitioner was an inmate in the Hamilton County Jail relying on the address on the envelope at the time the petition was filed. The court went on to delineate the following procedural history of the Petitioner's case:

> The indictment or presentment in case 255664 charges the [P]etitioner with nine counts, the first two of which were aggravated assault and felony reckless endangerment. On 5 October 2005, pursuant to a plea agreement with the [S]tate in that case and cases 252581, 252912, and 255663, the [P]etitioner pled guilty to reckless aggravated assault, felony reckless endangerment, and other offenses in the same and other cases and, in case 255664, was sentenced to the [D]epartment of [C]orrection and probation for an effective term of eight years, consecutive to the sentence in 255663. Thereafter, on 26 November 2007, probation was revoked and the [P]etitioner was placed on community corrections.

The habeas corpus court noted the defects in the petition pursuant to Tennessee Code Annotated section 29-21-107. Regardless of any defects in the petition, the habeas corpus court ruled that, "to the extent that [the petition] alleges that the indictment or presentment did not confer jurisdiction on the [c]ourt to convict the [P]etitioner of reckless aggravated assault, though it states a claim for the writ of habeas corpus, the record belies the allegation." The court further determined that, "to the extent that the subject petition alleges

that the factual basis for a guilty plea was nonexistent, it does not state a claim for the writ of habeas corpus."

The Petitioner then filed a timely notice of appeal.[1]

ANALYSIS

The Petitioner frames the issue on appeal as follows: His "plea of guilty and subsequent conviction are unconstitutional in that there is no factual basis for either, therefore [his] due process rights were violated under Amendment 14 of the Uninted [sic] States Constitution." He again presents the issue in due process terms in the argument portion of his brief, adding additional claims that the indictment was defective, that prosecutorial misconduct occurred when the prosecutor allowed him to plead guilty despite knowing that no crime occurred, and that trial counsel was ineffective when she, in conjunction with the prosecutor, admitted that no crime occurred, but failed to request a motion to dismiss. The State argues that this court should affirm summary dismissal of the petition due to the numerous procedural defects of the petition. The State's argument is well-taken.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). In this state, habeas corpus relief only addresses detentions that result from void judgments or expired sentences. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 15, 20 (Tenn. 2004) (quoting State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by

---

[1] It appears that, after the summary dismissal of his petition, the Petitioner filed a motion for the appointment of counsel on March 31, 2011, presumably to have representation on appeal. This motion is not included in the record. On April 14, 2011, the habeas corpus court's order denying the motion was filed, wherein the court concluded that, because a notice of appeal had already been filed, the court lacked jurisdiction to grant any relief.

a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State argues that the habeas corpus court properly denied the petition for writ of habeas corpus because the Petitioner did not comply with the formal statutory requirements mandated by Tennessee Code Annotated section 29-21-107. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman, 153 S.W.3d at 19-20; Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are as follows:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107. Our supreme court has repeatedly concluded that a petition for the writ of habeas corpus may be denied for failure to stringently comply with the mandates of the statute. See Hickman, 153 S.W.3d at 21; see also State ex rel. Goss v. Heer, 413 S.W.2d 688, 693 (Tenn. 1967); Johnson v. Russell, 404 S.W.2d 471, 473 (Tenn. 1966); State ex rel. Allen v. Johnson, 394 S.W.2d 652, 653 (Tenn. 1965); State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964).

In the instant case, the Petitioner did not comply with the statute's formal requirements. First, the Petitioner, as required by Tennessee Code Annotated section 29-21-107(b)(1), did not allege that he is illegally restrained of his liberty or mention the person by whom and place where restrained. Next, although the Petitioner challenges the sufficiency of his indictments, he failed to annex copies of the indictments or judgments to his petition, nor did he indicate any reason given for their absence as mandated by Tennessee Code Annotated section 29-21-107(b)(2). Furthermore, the Petitioner did not allege that the "legality of the restraint has not already been adjudged upon a prior proceeding of the same character" as required by Tennessee Code Annotated section 29-21-107(b)(3). Finally, the Petitioner did not state whether this petition is his first application for the writ of habeas corpus as required by Tennessee Code Annotated section 29-21-107(b)(4). The burden rests on the Petitioner to meet these requirements and to establish that the judgment is void or the sentence has expired. Bomar, 381 S.W.2d at 291-92. These reasons alone provide adequate justification for summary dismissal of the petition.

In addition to the procedural defects in the petition, the habeas corpus court also addressed the merits of the petition. Citing to Hickman, the habeas court ruled that "to the extent that [the petition] alleges that the indictment or presentment did not confer jurisdiction on the [c]ourt to convict the [P]etitioner or reckless aggravated assault, though it states a claim for the writ of habeas corpus, the record belies the allegation." 153 S.W.3d at 20 ("A judgment is void, warranting habeas corpus relief, only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.") (emphasis added). Next, citing to Eric L. Anderson v. Howard Carlton, Warden, the court determined that, "to the extent that the subject petition alleges that the factual basis for a guilty plea was nonexistent, it does not state a claim for the writ of habeas corpus." No. E2008-00096-CCA-R3-HC, 2008 WL 4367532, at *2 (Tenn. Crim. App. Sept. 24, 2008) ("Allegations relating to the voluntariness of a guilty plea and the ineffective assistance of counsel in connection with the entry plea, even if true, would not render the judgment of conviction void, but merely voidable.").

While these statements of the law made by the habeas corpus court are correct, we are hesitant to apply them to the case at hand given the sparse record on appeal. In addition to lacking the indictments and judgments, we do not have a transcript of any of the proceedings to which the Petitioner refers, i.e., his guilty plea hearing or the subsequent revocation hearing. Based upon the documentation submitted by the Petitioner, we are not provided with any basis to support an argument that the trial court lacked jurisdiction or authority to sentence the Petitioner or that his sentence has expired.

## CONCLUSION

Based upon the foregoing reasoning and authorities, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
D. KELLY THOMAS, JR., JUDGE