GREEN *v.* STATE.

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

DEXTER A. CHRISTENBERRY, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Green was indicted, tried and convincted for homicide, the conviction being for voluntary manslaughter with his punishment fixed at not more than seven years confinement, in the State penitentiary.

There is no bill of exceptions. In the brief on behalf of the plaintiff in error there is what purports to be a bill of exceptions agreed upon by counsel for the plaintiff in error and the Assistant District Attorney General which does not contain the signature of the Trial Judge.

The situation here is well illustrated by a quotation from the plaintiff in error's brief as follows: 

". . . the Judge, on motion for a new trial, granted thirty days for a continuance with the stipulation that time would be allowed in order that the Attorney General and the defense attorneys could decide on a statement of facts. Statement of facts was drawn up within one week by the defense attorneys and presented to the Attorney General. Considerable time elapsed in the agreeing on this statement of facts and the defense attorney, seeing that he would need additional time, brought this matter up with the Trial Judge in open court, at which time the Trial Judge advised that, when the Attorney General and the defendant's attorney agreed upon

a statment of facts, he would sign it, indicating that the time element made no difference. When the Attorney General and the defense attorney agreed upon a statement of facts, as herein submitted, and filed same, the Trial Judge refused to affix his signature thereto, saying that Assignment of Error had not been filed within due time and that he had not intended granting additional time at the time the request was made. The Trial Judge agreed that the case could be taken up upon the technical record, but the technical record is skimpy and has only an affidavit of one of the absent witnesses, while, in fact, this witness appeared before the Court on motion for a new trial and testified more fully than is shown in the affidavit, which testimony clearly substantiated the defendants' claim of self-defense.

"The defendant contends that the Trial Court should have entered a *Nunc Tunc Order* when the Statement of Facts was presented to him, inasmuch as the defendant's attorney and the Attorney General were present in Court and the Judge's ruling was constructed as granting the time necessary for agreement on a Statement of Facts, which has been duly filed by both the Assistant District Attorney trying this cause and the defendant's attorney.

"The Statement of Facts, Assignment of Errors, and Brief are herewith filed and the petitioner prays that this Honorable Court direct the Crimnial Court Judge or Clerk to certify to this court the technical record of this proceeding and that it be considered with the attached Statement of Facts, as filed by the Assistant District Attorney and defense's attorney and that the entire proceedings be reviewed and examined touching all of the errors committed therein; and upon a hearing, your Honor review the entire cause and do petitioner justice and grant him general relief."

■ We cannot consider the evidence in the case in the absence of a bill of exceptions duly authenticated by the Trial Judge. *Jackson* v. *Bell*, 143 Tenn. 452, 226 S. W. 207; *State* v. *Hawkins*, 91 Tenn. 140, 146, 18 S. W. 114.

■ When a Trial Judge refuses to sign a bill of exceptions the exclusive remedy therefor, when the refusal to so sign is at a time within which the bill of exceptions may be filed, is to apply to this Court for the issuance of a writ of *mandamus* to compel his signature. *Miller* v. *Koger*, 28 Tenn. 231, 236; *State ex rel.* v. *Hall*, 43 Tenn 255; Caruthers History of a Lawsuit, 3rd Edition, section 285.

■ When the plaintiff in error has been deprived of the right to an appeal without fault upon his part, the remedy is to file a bill in the Chancery Court asking that a new trial be awarded. *State ex rel.* v. *Yarnell*, 156 Tenn. 327, 329, 5 S. W. (2d) 471.

■ If we treat the application herein as a writ of error *coram nobis* it cannot be so considered by us in this a criminal case. The reasons and authority for this statement are very clearly pointed out in the brief of the State in the following language:

"The State likewise insists that the writ of error *coram nobis* does not lie in criminal cases for the following reasons:

"(a) The petition for the writ of error *coram nobis* is provided for by Sections 8971 through 8979 of the Code of Tennessee. It plainly appears from the subject matter of these Code sections that only civil litigation is contemplated thereby.

"(1) Section 8971 makes the writ available to any person aggrieved by the judgment of the court. If this writ is available to a defendant, under this Code section, it

should likewise be available to the District Attorney General. This would be in violation of Article 1, Section 10, of the Constitution of Tennessee, prohibiting double jeopardy.

"(b) Section 8972 of the Code limits to one year the time within which the writ may be had. If the writ applied to criminal cases there would be no reason to limit the time within which applications might be made for the writ in life imprisonment or long term sentences. Obviously, it was not intended by either Section 8971 or Section 8972 that the writ should apply to criminal cases.

"(c) Section 8973 provides for bond to secure the performance of the judgment. Section 8974 provides for ten days notice of the suing out of the writ, but makes no reference to the rights of the State or the District Attorney General to notice, only referring to the opposite party or his attorneys. Section 8975 provides for interest at the rate of 12½% per annum against the petitioner should he lose the case. All of these Code sections referred to obviously undertake to regulate civil proceedings only. There is nothing in any of them which could have application to a criminal case.

"(d) Section 8976 provides for publication for non-resident defendants and authorizes the court to make rules. Section 8977 points out the nature of the errors which may be reached by this writ. Section 8978 gives certain examples of the sort of case the writ applies to. In none of these sections does anything appear which would indicate that the writ applies to a criminal case. The character of errors reached by the writ under Section 8977 is not the sort which could very readily exist in a criminal case. The first error relieved against is that in which the person seeking relief has had no notice of the

proceedings. This could hardly occur in a criminal case. Or in which he is prevented by disability from showing or correcting with regard to the judgment entered. This could hardly occur in a criminal case. The third sort of error relieved against is one in which the defendant is prevented by surprise, accident, mistake or fraud, without fault on his part for making a defense. While such a condition could arise in a criminal case, on account of the requirement that the defendant be present in court during all of the time that anything is done in his case, and on account of the requirement that he be represented by counsel in open court, it is altogether unlikely that any such situation as is contemplated by this Code section could ever arise. None of the examples given in Section 8978 of the sort of cases to which the writ applies are criminal.

"(e) Although the writ of error *coram nobis* has been often resorted to and we have many civil cases discussing the nature of the writ and the purposes which it may serve to secure a review, we have no judicial history that it has ever been used or allowed in a criminal case.

"(f) There is some division of authority as to whether or not the writ is available to a defendant in a criminal case. In some jurisdictions the writ is allowed. In other jurisdictions the writ is not allowed. In as much as a writ if statutory in its character in Tennessee, it should not be allowed, the statutes obviously not contemplating any such application of the writ.

"(g) Review of criminal cases in Tennessee is provided for by several Code sections, commencing with Section 11805, of the Code. This method of securing a review of a criminal case under these Code sections is a separate and distinct method of review from that pro-

vided by statute in civil cases. We have no case in which the civil method of review is held to apply to a criminal case, nor in which the method of review of a criminal case is held to apply to a civil case. To allow the writ of error *coram nobis* to extend to a criminal case as well as to a civil case would create a situation in which there would be a variance with this previously adhered to arrangement. Right of review of any condition of fact which would cause a reversal of a conviction in a criminal case is secured to a defendant by the statutory and constitutional provisions for relief, reprieve and pardon. The party who loses a civil case on account of accident, mistake or fraud, has no such recourse, as relief by executive clemency. Since the defendant in a criminal case does have such relief there is no occasion for the extention of the rather unusual writ of error *coram nobis* to a criminal case.''

For the reasons above expressed the judgment below must be affirmed there being no assignment or error appearing on the technical record.

All concur.