Ernest Dean ROWE, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Supreme Court of Tennessee.

Aug. 20, 1973.

Walter W. Bussart, Lewisburg, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, for defendant in error.

## OPINION

HUMPHREYS, Justice.

Mr. C. Hayes Cooney, Assistant Attorney General, has made a statement of the case which we find to be fair and accurate and which we adopt, as follows:

"On August 30, 1972, the Petitioner, Ernest Dean Rowe, filed this petition for writ of error coram nobis in the Circuit Court of Marshall County, Tennessee through retained counsel alleging that on March 10, 1972, he was convicted upon a plea of guilty of the offense of incest in the Circuit Court of Marshall County, Tennessee and sentenced to confinement for not less than five (5) nor more than ten (10) years in the State penitentiary. That this guilty plea was entered through privately retained counsel and that at the same time a waiver of trial by jury and waiver of appeal was entered in the trial court. Petitioner acknowledged that the said retained counsel was a competent criminal defense attorney.

"That he did not complain of any error in law and that the facts as they appear in the record support the said conviction. He alleged that the facts upon which said judgment was based, were, through no fault of his own or that of counsel, not correct and that the truth was not brought to the trial court's attention. That the reason for said mis-

take was the acts of his wife and daughter, as reflected in their affidavits attached to the petition, namely, that at the time of said indictment he and his wife were experiencing marital difficulties and that his minor daughter, the alleged victim, blamed him because her mother had blamed him. That both his said daughter and his wife were now willing to testify that the accusations against him were not true. That neither his wife nor his daughter testified at the time he entered his guilty plea but his daughter was listed as a witness before the grand jury which indicted him. That he had only an eighth grade education, suffered emotional distress and nervous disorder at the time of the entry of his guilty plea, and that faced with the possible testimony of his wife and daughter at a trial, he accepted the settlement offer conveyed by his privately retained counsel and plead guilty to incest. He prayed that his conviction be reversed and nullified or that a new trial be ordered. The Defendant, State of Tennessee, on September 25, 1972, filed a motion to dismiss his petition on the grounds that (1) the Petitioner's aforesaid guilty plea and waivers of jury trial and appeal were knowingly, intelligently and voluntarily entered with the advice of privately retained counsel; (2) that the Petitioner at the hearing upon his guilty plea with the advice of retained counsel stipulated that he did have unlawful carnal knowledge of his daughter, who was then twelve years of age; and (3) that the alleged error of material fact raised herein could have been raised at the trial of the Petitioner's case and there was no allegation that he was prevented from raising it through no fault of his own or had no notice thereof other than through no fault of his own. The matter came on to be heard before the Honorable Robert J. Parkes, Judge, on November 13, 1972, upon the petition and motion at which time the same was dismissed without the presentation of any evidence on the ground that the issue herein involved could have been raised by the Petitioner at the trial of his case had he not plead guilty."

Rowe has filed two assignments of error, which make the proposition that the trial court erred in dismissing the petition on the ground that it was barred by reason of the guilty plea.

Although no evidence was taken in this case, petitioner Rowe did file a purported bill of exceptions containing the colloquy of counsel and the court at this hearing, together with a transcript of the proceedings in the Marshall Circuit Court at the time Rowe pleaded guilty. While we find nothing to aid us in the colloquy portion of the purported bill of exceptions, we do find the transcript of the proceedings to be helpful. And, since this transcript was tendered by the petitioner and filed with the clerk, and bears the certificate of the official criminal court reporter, and the authentication of the circuit judge, Robert J. Parkes, we shall treat it, not as part of a bill of exceptions, but, as a part of the record. This transcript shows that the following occurred at the time Rowe pleaded guilty:

"THE COURT:

Now, the Attorney General says that you want to enter a plea of Guilty to Incest—is this correct?

"MR. HAYWOOD:

That's correct, sir.

"THE COURT:

You all have agreed upon a sentence of five to ten?

"MR. HAYWOOD:

Yes, sir.

"THE COURT:

Mr. Rowe, the Attorney General and your counsel advise me that you want to enter a Plea of Guilty to Incest in this case Number 5500, and they have agreed upon a sentence of not less than five nor

more than ten years. You understand that you have a right to a jury trial?

"DEFENDANT ROWE:

Yes, sir.

"THE COURT:

And for them to decide whether you are guilty or not, and if they found you guilty, they would set punishment?

"DEFENDANT ROWE:

Yes, sir.

"THE COURT:

And if they found you guilty, you would have a right to an appeal of your case. But, if you enter a plea of Guilty to Incest in this case as I am advised that you want to do, you would be waiving those rights—do you understand that?

"DEFENDANT ROWE:

Yes, sir.

"THE COURT:

Understanding that then, do you desire to enter a plea of Guilty of Incest in this case?

"DEFENDANT ROWE:

Yes, sir.

"THE COURT:

What are the facts, gentlemen? Can there be some sort of a stipulation for the record, that you gentlemen can agree upon as to what the facts are?

(No answer by Attorney Haywood or Attorney General Kidd).

"BY THE COURT:

General, can you have some stipulation as to the facts in this case? He's pleading Guilty to Incest—did he have carnal knowledge, I believe, with his daughter?

"GENERAL KIDD:

Yes, Your Honor, when this took place she was a minor.

"THE COURT:

Can this be stipulated, Mr. Haywood?

"ATTORNEY HAYWOOD:

Yes, Your Honor.

"THE COURT:

Mr. Haywood, do you want to say anything before I pronounce sentence, or Mr. Rowe—either one of you?

"MR. HAYWOOD:

No, sir, I don't. We are just going to put the matter of the six months in the Order.

"THE COURT:

Mr. Rowe, do you have anything you want to say before I pronounce sentence?

"DEFENDANT ROWE:

No, sir.

"THE COURT:

Ernest Rowe in Case Number 5500, upon your Plea of Guilty to Incest, it is the judgment of this Court that you be sentenced to serve not less than five nor more than ten years in the State Penitentiary. You may be seated."

With this background before us we can consider Rowe's contention. It is, that he is entitled to a remand and hearing, because, as he sees it, the trial judge dismissed his petition solely upon the holding that a writ of error coram nobis under T. C.A. § 40–3411 "did not encompass a case where the criminal defendant entered a plea of guilty."

Assuming for the sake of argument that the trial judge did base his dismissal of the petition solely upon this isolated proposition of law, the petitioner still would not be entitled to a reversal if, upon a consid-

eration of the record, he fails to make out a case on which this Court should grant him relief. The question here is whether the outcome of the case accords with the record and the law as applicable to the record.

Section 40–3411 T.C.A. makes the writ of error coram nobis available in criminal cases, where theretofore it had not been. Green v. State, 187 Tenn. 545, 216 S.W. 2d 305 (1948). This statute provides that the same rules and procedure applicable to the writ of error coram nobis in civil cases (§§ 27–701 to 27–708 T.C.A.) shall apply except insofar as they may be inconsistent with the criminal writ.

The relief obtainable under the criminal writ is limited "to errors dehors the record and to matters which were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." See Footnote.*

The civil writ reaches "errors of fact occurring in proceedings of which the person seeking relief has had no notice, of which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident or mistake, or fraud, without fault on his part."

The legal connotation of the terms "surprise, accident and mistake" are such that they would not ordinarily have a place in a criminal writ proceeding. Fraud on the part of the State could be a ground. But, usually, such fraud is remedied by habeas corpus or post conviction proceeding.

■ However, all that needs to be said about the statute in this case is that no relief can be awarded under it on account of any fact situation which was not or could not have been litigated at the trial of the case. And when the allegations of the petition are tested by this requirement it is obvious that the petition was properly dismissed. There is not a single fact alleged in the petition that was not known by the defendant at the time he went to trial. Clearly, then, the writ is not available to him.

In State ex rel. Carlson, et al. v. State, 219 Tenn. 80, 407 S.W.2d 165 (1965) we find the following statement which is directly in point:

"We come to the allegations of the petitioners, as previously set forth, which clearly show that the 'could not' requirements of the statute are not met. All of the allegations raised in this case could have been litigated at the trial of the case or on the motion for a new trial or on appeal, and an appeal has been expressly waived by the petitioners. There is no contention or showing that petitioners had no notice of the alleged errors or were prevented from raising them, except through 'fault on his part.'" 219 Tenn. 87, 407 S.W.2d 168.

■ Another proposition bearing tangentially on this issue is the general rule that the writ does not lie for false testimony. 18 Am.Jur. Coram Nobis, etc., § 16, "False Testimony", reads:

"It has been broadly stated that a writ of error coram nobis does not lie for false testimony at the trial or to determine whether any witnesses testified falsely at the trial, or that the writ does not lie to set aside a judgment of conviction on the ground that it was based on perjured testimony . . . But it is not enough merely to show that a prosecut-

* Although post conviction proceedings are not mentioned, this must be occasioned by the fact that the criminal writ statute was enacted prior to the post conviction statute. Since the post conviction statute remedies are more or less the same as the habeas corpus remedy, it would be reasonable to conclude that the exclusion of habeas corpus cases would apply to post conviction relief cases.

ing witness had subsequently made contradictory statements or that he was willing to swear that his testimony upon the trial was false   .   .   .".

 Although there was no testimony in petitioner's trial this rule would seem to have a fortiorari application. For, if the writ does not lie in case of false swearing or perjury, how could it lie because of fear of false swearing or perjury? It is obvious that the answer is that the writ does not lie on this ground. For us so to hold would not create a "loophole" but an "escape hatch".

 The provision in the criminal writ statute that relief cannot be granted thereunder with respect to any matter that could have been pressed on a motion for a new trial deserves special mention. After the guilty plea Rowe had ample time to consider his plight and to call it to the attention of the trial judge by motion for a new trial. Had this been done, the trial judge could have called in the wife and child and investigated the situation. But this was not done. And this leads us to believe that petitioner never disclosed to his criminal trial counsel (his present petition is pressed by different counsel) any of the facts upon which he presently relies. To us it is inconceivable that, had the fact situation on which petitioner now relies actually existed, that he would not have brought it to the attention of his quite reputable and admittedly competent retained counsel, so that counsel might bring it to the attention of the trial judge.

In truth, petitioner's case smacks of a false arrangement made after the plea of guilty and petitioner's imprisonment, when petitioner's family came face to face with the economic consequences of petitioner's imprisonment, and realizing their situation was going to be worse than they wished to bear, took steps to get petitioner out of prison.

The assignments of error are overruled and the judgment of the trial court is affirmed.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.