# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

NOVEMBER 1997 SESSION

FILED

March 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RANDY HICKS,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9608-CR-00296 |
| | ) | |
| vs. | ) | McMinn County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Mayo L. Mashburn, Judge |
| | ) | |
| Appellee. | ) | (Motion for New Trial, Motion |
| | ) | for Writ of Error Coram Nobis, |
| | ) | Post Conviction) |

FOR THE APPELLANT:

RANDY HICKS
Pro Se
N.E.C.C.
P.O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

PETER M. COUGHLAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General
Washington Ave.
Athens, TN  37303

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT, JUDGE

<u>**OPINION**</u>

Randy Hicks appeals the McMinn County Criminal Court's summary dismissal of his "Motion for New Trial Based on Newly Discovered Evidence Rule 22, FRCrP." The lower court considered this "motion" under the law applicable to motions for new trial, petitions for writ of error coram nobis, and petitions for post conviction relief, found it without merit, and summarily dismissed Hicks's claim without conducting a hearing. Hicks's underlying conviction is for criminal facilitation of first degree murder, for which he is serving a 25 year sentence. <u>State v. Hicks</u>, 835 S.W.2d 32 (Tenn. Crim. App. 1992). In his <u>pro se</u> appellate brief, Hicks never directly attacks the lower court's denial of his "motion," but he does raise several issues relating to the admission of evidence, denial of a severance and the sufficiency of the convicting evidence at his trial. He also filed with his <u>pro se</u> appellate brief a document entitled Petition for Writ of Error Coram Nobis, in which he alleges that the district attorney knowingly and willfully submitted false evidence in his trial.[1] Having painstakingly reviewed the record and Hicks's brief, we affirm the trial court's summary dismissal of the claim. Likewise, we find the petition filed in this court proper for dismissal.

**I**

Hicks filed his action below alleging one of the state's key witnesses testified falsely at trial because the witness was promised release from jail in exchange for his testimony. An affidavit of the witness was filed as an exhibit to Hicks's motion filed with the trial court. Hicks does not allege that any government agent actually encouraged the witness to testify falsely, and the affiant claims that he was promised freedom if he testified "in court," not if he testified falsely in court. The substance of the affidavit is that Hicks was not involved in the brutal killing of Leck Nunley or in facilitation of Nunley's murder. The affiant further claims he would

---

[1]In fairness to Hicks, it is worth noting that these allegations are based upon the same affidavit he submitted in support of his motion in the lower court, in which a witness claims to have given false testimony inculpating the petitioner so that the witness would be released from jail as promised by "the officials." He has simply attempted to add an additional legal theory to this case.

not have testified to the contrary if he had known Hicks would be convicted and if he had not been promised release from jail. It appears from the record that the affiant is Hicks's brother.

Several dates are necessary for an understanding of this case. The supreme court denied Hicks's petition for permission to appeal his conviction on June 8, 1992. Hicks alleges he received the affidavit described above on August 20, 1992. Hicks initiated this action on April 7, 1995. The trial court dismissed his claim on February 7, 1996. Hicks filed a motion seeking to withdraw his motion for new trial and petition for writ of error coram nobis in the trial court on February 14, 1996.[2] The trial court, having already ruled on the motion Hicks sought to withdraw, dismissed the motion. Hicks filed his notice of appeal on March 25, 1996.

We begin with recognition that Hicks tardily filed his notice of appeal. However, in the interest of justice, we have elected to waive this prerequisite to our review. See Tenn. R. App. P. 4(a). Notwithstanding, we decline to address the issues Hicks raises for the first time on appeal. See State v. Butler, 789 S.W.2d 898, 902 (Tenn. 1990). Instead, we confine our inquiry solely to the propriety of the trial court's action in dismissing Hicks's claim.[3]

We find that Hicks's claim was properly dismissed whether considered as a motion for new trial, motion for writ of error coram nobis, or petition for post

---

[2]According to an allegation in the notice of appeal, Hicks did not receive a copy of the trial court's order dismissing the motion for new trial until February 22, 1996.

[3]For reasons unknown to us, Hicks has chosen not to use his opportunity to be heard in this court to present this issue, which is an appropriate one for our consideration. We judicially know from examination of the records of this court that Hicks has filed several actions which are generally indicative of his immense dissatisfaction with the original proceedings in which he received his conviction. In the interest of bringing finality to an issue which would be properly before us had Hicks raised it in his pro se brief, we elect to address the propriety of the lower court's dismissal in this case. See Tenn. R. App. P. 13(b)(1) (consideration of issue not presented for review allowed in discretion of appellate court where such will prevent needless litigation). But cf. Tenn. R. App. P. 13, Advisory Comm'n Comments to Subdivision (b) ("It is intended that this discretion be sparingly exercised.").

conviction relief.

First, as the lower court correctly found, Hicks's motion was untimely if considered as a motion for new trial. See Tenn. R. App. P. 33(b) (motion for new trial to be made within 30 days of date the order of sentence is entered). Hicks filed his motion almost three years after the supreme court declined review of his case. The order of sentence would have been entered well before this final action by the supreme court.

Second, Hicks's motion in the court below is untimely as a motion for writ of error coram nobis. See Tenn. Code Ann. § 40-26-105 (1997); Tenn. Code Ann. § 27-7-103 (1980) (writ may issue within one year after the judgment becomes final). Again, Hicks filed this action well after the expiration of the statute of limitations for obtaining this type of relief.[4] The lower court correctly disposed of Hicks's claim on this basis.

Third, Hicks's motion is not appropriate for post conviction relief.[5] We begin our discussion with acknowledgment that the trial court took the unusual step of summarily dismissing Hicks's claim prior to the appointment of counsel. Under the Post Conviction Procedure Act as it existed prior to amendment in 1995, a pro se petition which was not in proper form could not be dismissed for that reason until the court gave the petitioner a reasonable opportunity, with the assistance of counsel, to file an amended petition. Tenn. Code Ann. § 40-30-107 (1990) (amended 1995). In this case however, Hicks's "motion," though lacking some of the information required of post conviction petitions by former Code section 40-30-

---

[4]Because we resolve this issue by finding it procedurally barred, we express no opinion about the propriety of relief through the writ of error coram nobis for the claim Hicks presents. See generally Tenn. Code Ann. § 40-26-105 (1997). See Rowe v. State, 498 S.W.2d 322 (Tenn. 1973) (writ of error coram nobis generally does not lie to attack trial testimony, including on grounds of perjury).

[5]Hicks's motion, though not presented as a post conviction petition, was filed within the applicable statute of limitations for post conviction actions. See Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995).

104, thoroughly stated Hicks's grievance, outlined the factual basis, and included exhibits supporting his claim. Thus, it was in the prescribed form, at least as to the statement of the claim itself. Further, the basis of the trial court's dismissal was based upon the lack of merit of the claim, not technical noncompliance with section 40-30-104. This unusual situation allowed the trial court to consider whether Hicks had presented a colorable claim, and finding he had not, to dismiss it for failure to state a claim without the necessity for amendment of the petition with the assistance of counsel.[6] Thus, we believe the trial court was within the statutory framework in dismissing the petition at this juncture. Accord Earl Crawford, Jr. v. State, No. 03C01-9610-CR-00385, slip op. at 3 (Tenn. Crim. App., Knoxville, July 29, 1997) ("[T]he prerequisite to the panoply of rights and protections that Tennessee statutes provide for post conviction petitioners is that the pro se petition must allege a colorable claim."), pet. for perm. app. filed (Tenn. Sept. 29, 1997); Jessee Arthur Moore v. State, No. 123 (Tenn. Crim. App., Knoxville, Nov. 19, 1990) (Wade, J., dissenting), perm. app. denied (Tenn. 1991); Givens v. State, 702 S.W.2d 578 (Tenn. Crim. App. 1985).

Having found the court's action was procedurally allowed, we move on to the propriety of the dismissal itself. As a basic principle, post conviction relief is available in Tennessee only where a conviction or sentence is void or voidable due to abridgment of the defendant's constitutional rights. Tenn. Code Ann. § 40-30-105 (1990) (repealed 1995). A claim of newly discovered evidence, standing alone, does not meet this threshold. See George Massey v. State, No. 1121, slip op. at 6 (Tenn. Crim. App., Knoxville, Nov. 5, 1987); see also Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 860 (1993) (federal habeas corpus proceeding). "[T]he mere conclusion that the petitioner did not receive a fair trial without the benefit of this allegedly exculpatory testimony does not convert this claim into a constitutional one." George Massey, slip op. at 6 (newly discovered witness whose

---

[6]Though we have not considered it in our determination of this issue, we find it noteworthy that Hicks has never requested the assistance of counsel at any stage of this proceeding.

testimony would exculpate petitioner, key state witness who will change her trial testimony so that it is now exculpatory of petitioner, and state witness who invoked Fifth Amendment privilege at trial is now willing to offer exculpatory testimony).

Claims of "newly discovered evidence" raised in post conviction actions are quite often no more than attempts to relitigate the sufficiency of the convicting evidence in a collateral proceeding. George Massey, slip op. at 6. The question of whether a challenge to the sufficiency of the evidence is a proper subject for post-conviction review is a subject of some debate in this state. Compare, e.g., Rhoden v. State, 816 S.W.2d 56, 61 (Tenn. Crim. App. 1991) (sufficiency question not proper subject of post-conviction review) with John Wayne Slate v. State, No. 03C01-9201-CR-00014 (Tenn. Crim. App., Knoxville, Apr. 27, 1994) (sufficiency of evidence review is proper on post-conviction review under Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979)), perm. app. denied concurring in results only (Tenn. 1994). Although the Supreme Court said in Jackson v. Virginia that the sufficiency of the evidence is an issue of constitutional dimension for purposes of collateral review, it limited that holding in Herrera v. Collins to evidence of record. Thus, newly discovered evidence is excluded. Herrera, 506 U.S. at 402, 113 S. Ct. at 861. As a result, Hicks's claim must fail as a post conviction action.

In reaching our conclusions that Hicks has failed to timely file a claim for relief in the form of a motion for new trial or motion for writ of error coram nobis and that he likewise has failed to state grounds for relief cognizable under the prior version of the Post Conviction Procedure Act, we acknowledge the seemingly harsh nature of our result. However, as the Supreme Court recognized in Herrera, the traditional method for addressing actual innocence based upon newly discovered evidence which is procedurally barred from the courts is through executive clemency. Herrera, 506 U.S. at 411-12, 113 S. Ct. at 866. If Hicks has not already pursued that option, it is available to him. See Tenn. Code Ann. §§ 40-27-101 to

-109 (1997).

## II

Finally, we are left with the issue of the petition for writ of error coram nobis that Hicks filed with his appellate brief. This petition was filed over four years after Hicks's judgment became final via the supreme court's denial of permission to appeal. The petition is not proper for our consideration because this court has only appellate jurisdiction. Tenn. Code Ann. § 16-5-108 (1994); see also Randy Hicks v. State, No. 03C01-9601-CC-00419 (Tenn. Crim. App., Knoxville, Jan. 4, 1996) (order of Wade, J., dismissing another petition for writ of error coram nobis originally filed by Hicks in this court). Even if this court had original jurisdiction over this petition, Hicks is untimely in his request for the writ of error coram nobis. See Tenn. Code Ann. § 40-26-105 (1997); Tenn. Code Ann. § 27-7-103 (1980).

In conclusion, the trial court's dismissal of Hicks' claim is affirmed. Likewise, his petition for writ of error coram nobis filed in this court is dismissed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH B. JONES, PRESIDING JUDGE

_____
PAUL G. SUMMERS, JUDGE

7