# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION



**FILED**

**July 29, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9710-CR-00380 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Joseph B. Dailey, Judge |
| | ) |
| **CEDRIC FRANKLIN,** | ) (Writ of Error Coram Nobis) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Cedric Franklin, <u>Pro Se</u>
P.O. Box 1050
Henning, TN 38041

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243

William L. Gibbons
District Attorney General

James M. Lammey
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In January 1994, the appellant pled guilty to second degree murder and especially aggravated robbery. Pursuant to the terms of a negotiated plea, he was sentenced to thirty-five years as a Range II offender for second degree murder and twenty years as a Range I offender for especially aggravated robbery, to run concurrently. In May 1996, the appellant filed a petition for post-conviction relief alleging that his thirty-five-year sentence for second degree murder is void because he does not qualify as a Range II offender. After a hearing, the trial court dismissed the petition. Thereafter, the appellant filed a petition for a writ of error <u>coram nobis</u> alleging the same grievance. The trial court dismissed the petition and this appeal followed. The issue is whether the trial court erred in dismissing the petition. We find no error and affirm the judgment of the trial court.

Pursuant to a negotiated plea, the appellant was sentenced to thirty-five years as a Range II offender for second degree murder. Second degree murder is a Class A felony. Tenn. Code Ann. § 39-13-210 (1991). The authorized term of imprisonment for a Class A felony is not less than fifteen (15) nor more than sixty (60) years. Tenn. Code Ann. § 40-35-111(b)(1) (1990). The appellant's sentence is well within the sentence authorized by the legislature for second degree murder.

In his petition for post-conviction relief, the appellant alleged that, because his criminal record is insufficient to qualify him as a Range II offender, his sentence is void. A Range II sentence for a Class A felony is not less than twenty-five (25) nor more than forty (40) years. Tenn. Code Ann. § 40-35-112 (b)(1) (1990). A Range I sentence for a Class A felony is not less than fifteen (15) nor more than twenty-five years (25). Tenn. Code Ann. § 40-35-112(a)(1).

The post-conviction court found that the appellant waived any question about his classification as a Range II offender by voluntarily pleading guilty

pursuant to a negotiated plea. The court relied on State v. Mahler, 735 S.W.2d 226 (Tenn. 1987). In Mahler, the defendant was indicted for first degree murder. Pursuant to a negotiated plea of second degree murder, the defendant was sentenced as a Range II aggravated offender, although his criminal record was insufficient to classify him as such. The defendant filed a post-conviction petition alleging that his sentence was illegal because he did not qualify as a Range II offender. The trial court dismissed the petition and the Court of Criminal Appeals affirmed. The Tennessee Supreme Court affirmed, stating:

> The sentence imposed was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea. It was not a constitutional error in and of itself and at most rendered the sentence subject to attack on direct review by appeal. Appellant waived any right of appeal in the guilty plea proceedings, and expressly agreed to be sentenced with the classification and parole eligibility imposed. These were the only terms which the District Attorney General would even consider and, in our opinion, the resulting sentence was clearly lenient and in the best interest of appellant.

Id. at 228.

After the trial court dismissed his petition for post-conviction relief, the appellant in the present case filed a petition for a writ of coram nobis.

> Prior to 1955 the remedy of error coram nobis was not available to individuals who had been convicted of a criminal offense. Green v. State, 187 Tenn. 545, 216 S.W.2d 305 (1948). The remedy was limited in scope to civil proceedings. In 1955 the Tennessee General Assembly extended this remedy to criminal prosecutions. T.C.A. § 40-26-105. However, the relief available was limited to "errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding," T.C.A. § 40-26-105, or a post-conviction proceeding, see Rowe v. State, 498 S.W.2d 322, 325 (Tenn.1973), or "subsequently or newly discovered evidence relating to matters which were litigated at the trial" when the trial judge "determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105. See Cole v. State, 589 S.W.2d 941 (Tenn. Crim. App. 1979). As can be seen from the foregoing, the purpose of this remedy "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." State ex rel. Carlson v. State, 219 Tenn. 80, 85-86, 407 S.W.2d 165, 167 (1966).

Teague v. State, 772 S.W.2d 915, 920 (Tenn. Crim. App. 1988), rev'd on other grounds, Owens v. State, 908 S.W.2d 923 (Tenn. 1995).

In his petition for <u>coram nobis</u>, the appellant alleged that the trial court's amended judgment form which corrected a clerical error on the original judgment was "newly discovered evidence." The original judgment reflected that the appellant was sentenced as a mitigated offender for especially aggravated robbery. The judgment was amended in August 1994 to show a Range I classification. The appellant again alleged that his second degree murder sentence was void because he did not qualify as a Range II offender.

The trial court dismissed the petition without a hearing. The court found that the appellant had failed to present newly discovered evidence to merit relief. The court further found that the issue of whether the appellant's second degree murder sentence was void had been previously determined by the post-conviction court. A defendant may plead to an enhanced punishment range in order to benefit himself even if he does not qualify for sentencing within the range. <u>State v. Turner</u>, 919 S.W.2d 346 (Tenn. Crim. App. 1995). The appellant was indicted for first degree murder. The appellant knew that he faced the possibility of a life sentence, or maybe the death penalty. By entering guilty pleas, the appellant reduced his sentence to thirty-five years. Therefore, the appellant knowingly and voluntarily waived his right to question his sentencing range when he entered guilty pleas. Because the petitioner's sentence of thirty-five years is within the authorized statutory sentence for second degree murder, his sentence is valid.

The judgment of the trial court is affirmed.

_____

PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge