# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## OCTOBER 1997 SESSION

FILED

March 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 03C01-9701-CR-00035 |
| Appellee, | ) | |
| | ) | MORGAN COUNTY |
| VS. | ) | |
| | ) | HON. E. EUGENE EBLEN, |
| JAMES HOOPER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Motion to Withdraw Plea) |


**FOR THE APPELLANT:**

GREG LEFFEW
P.O. Box 63
Rockwood, TN 37854

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

CHARLES E. HAWK
District Attorney General

FRANK A. HARVEY
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED: _____

AFFIRMED

JERRY L. SMITH,
JUDGE

**OPINION**

The defendant, James Hooper, appeals the trial court's denial of his motion to withdraw his plea of *nolo contendere* to one (1) count of aggravated sexual battery. The trial court found the motion was filed after the maximum allowed time. The decision of the trial court is affirmed.

**I.**

As part of a plea agreement, the defendant entered a plea of *nolo contendere* to one (1) count of aggravated sexual battery. The charge had been reduced from aggravated rape of a child less than thirteen (13) years of age. Two (2) other counts of aggravated rape were dismissed.[1] The defendant accepted the plea and was sentenced to ten (10) years as a Range I offender.

Four months after the entry of his plea, the defendant filed a *pro se* motion seeking to withdraw it. The motion alleged that trial counsel advised the defendant that the trial judge suggested that the defendant take the *nolo contendere* plea. A hearing was held where the defendant was represented by counsel. At the start of the hearing, the state moved to dismiss the petition for untimeliness. The trial court allowed the defendant to introduce proof and to submit a supplemental brief. At the hearing, the defendant contended his plea was involuntary due to coercion by trial counsel as well as ineffective assistance of trial counsel. The trial court subsequently denied the defendant's motion. Further, the trial court declined to treat the motion as a petition for post-conviction relief or a petition for a writ of error *coram nobis*.

---

[1] The defendant was previously convicted of three counts of aggravated rape of a child less than thirteen (13) years of age and sentenced to three (3) concurrent twenty-five (25) year terms. Those convictions were reversed and remanded for a new trial. State v. James Hooper, C.C.A. No. 03C01-9309-CR-00038, Morgan County (Tenn. Crim. App. filed August 10, 1994, at Knoxville). The remand led to this plea.

## II.

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides that "a motion to withdraw a plea of guilty" must be filed prior to sentencing upon a showing of any fair and just reason. Further, to correct a "manifest injustice," the motion may be filed after sentencing, but before the judgment is final. Tenn. R. Crim. P. 32 (f).

Initially, we note that the withdrawal provision of Rule 32 (f) applies to "a plea of guilty." It does not provide for the withdrawal of a plea of *nolo contendere*. A guilty plea is different than a *nolo contendere* plea. *See* Tenn. R. Crim. P. 11 (a), (b). The language of Rule 32 (f) when adopted in 1978 (then 32 (e)) was almost identical to the then existing Federal Rule of Criminal Procedure 32 (d). However, the federal rule expressly allowed the withdrawal of "a plea of guilty or *nolo contendere*" (emphasis added). We assume the failure of Tennessee to adopt the *nolo contendere* provision in the federal rule was intentional.

Even if Rule 32 (f) applies to *nolo contendere* pleas, the motion was untimely. A judgment becomes final thirty (30) days after it is entered into the minutes of the court clerk. Tenn. R. App. P. 4 (a); State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). The defendant was sentenced by the trial court on June 30, 1995. The motion of the defendant to withdraw his plea was filed on October 26, 1995. The defendant's motion was not timely filed.

## III.

The defendant also contends that the trial court should have treated his motion as a petition for post-conviction relief, or, in the alternative, as one for a writ of error *coram nobis*. In support of his argument, the defendant cites Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (stating a court may treat a petition for a writ of *habeas corpus* as a petition for post-conviction relief).

3

The Supreme Court in <u>Archer</u> cited explicit statutory authorization for its statement. <u>Id.</u>; *see* Tenn. Code Ann. § 40-30-108 *repealed by* § 40-30-205 (c). The defendant cites no analogous statute requiring the trial court to treat a motion to withdraw a plea as a petition for post-conviction relief.

The defendant further contends the trial court should have treated his motion as a petition for a writ of error *coram nobis*. Relief under this writ is confined to matters that were not, or could not have been, litigated at trial. <u>Rowe v. State</u>, 498 S.W.2d 322, 325 (Tenn. 1973); Tenn. Code Ann. § 40-26-105. The trial court did not err in failing to treat the motion as a petition for a writ of error *coram nobis*.

**IV.**

Even if the defendant's claims were considered, we find he would not be entitled to relief. The defendant contends his counsel coerced him to plead guilty and provided ineffective assistance of counsel by failing to interview and utilize certain witnesses. The trial court found that the defendant's plea was voluntary, knowing and intelligent. In fact, the defendant testified that he "took the plea . . . to get past it, to where I could turn around and file a motion, and come back into court, either on a withdrawal or either a post-conviction." We find no evidence to indicate that the plea was involuntary.

As to ineffective assistance of counsel, the defendant did not establish that the claimed witnesses could have materially assisted in his defense.

In summary, the defendant clearly understood the implications of his plea. The advice and decisions by trial counsel were within the range of competence demanded of attorneys who practice criminal law. *See* <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975).

The judgment of the trial court is AFFIRMED.

4

_____
**JERRY L. SMITH, JUDGE**


**CONCUR:**




_____
**GARY R. WADE, JUDGE**




_____
**DAVID H. WELLES, JUDGE**