# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 11, 2011 Session

## STEPHEN BERNARD WLODARZ v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Hawkins County**
**No. 07CR0470       John F. Dugger, Jr., Judge**

---

**No. E2008-02179-SC-R11-CD - Filed February 23, 2012**

---

WILLIAM C. KOCH, JR., J., concurring in the result.

I concur with the majority's conclusion that Mr. Wlodarz has not presented newly discovered evidence to support his effort to use a writ of error coram nobis to set aside his guilty plea. I write separately, however, because I cannot concur with the majority's conclusion that Mr. Wlodarz is entitled to challenge his guilty plea using a writ of error coram nobis.

The Court granted the application for permission to appeal to resolve an issue of statutory construction that has divided the Court of Criminal Appeals.[1] The question before us is whether prisoners who have entered a guilty plea may later challenge their convictions by filing a writ of error coram nobis pursuant to Tenn. Code Ann. § 40-26-105(b) (2006).[2] The majority, citing its concern regarding the fallibility of Tennessee's criminal justice system, has determined that the purpose of the 1978 amendment to Tenn. Code Ann. § 40-26-

---

[1]Granting an application for permission to appeal enables this Court to "secure uniformity of decision" and to "secure settlement of important questions of law." *See* Tenn. R. App. P. 11(a).

[2]In 1998, a panel of the Court of Criminal Appeals held that while a writ of error coram nobis could not be used to set aside a guilty plea that was voluntarily and knowingly entered, the writ could be used to present newly discovered evidence showing that a guilty plea was not voluntarily or knowingly entered. *Newsome v. State*, 995 S.W.2d 129, 133-34 (Tenn. Crim. App. 1998). More recently, however, other panels of the Court of Criminal Appeals have questioned the correctness of *Newsome v. State*'s interpretation and application of Tenn. Code Ann. § 40-26-105(b). *See, e.g.*, *Stamey v. State*, No. E2009-00996-CCA-R3-CD, 2010 WL 481198, at *7 (Tenn. Crim. App. Feb. 11, 2010), *perm. app. denied,* (Tenn. June 17, 2010); *see also Ledford v. State*, E2010-01773-CCA-R3-PC, 2011 WL 1678069, at *4-5 (Tenn. Crim. App. May 4, 2011), *perm. app. pending*; *Ivy v. State*, No. W2010-00152-CCA-R3-CO, 2010 WL 3895404, at *1 (Tenn. Crim. App. Oct. 5, 2010) (No Tenn. R. App. P. 11 application filed).

105(b) was to permit persons who have entered a guilty plea to file a writ of error coram nobis to challenge their convictions. The plain language of Tenn. Code Ann. § 40-26-105(b) prompts me to conclude that the General Assembly did not intend to provide persons who have entered guilty pleas with a third procedure[3] to set aside their convictions.

## I.

Determining whether a prisoner whose conviction is based on a guilty plea may subsequently challenge his or her conviction using a petition for a writ of error coram nobis requires this Court to construe Tenn. Code Ann. § 40-26-105(b). Issues of statutory construction involve questions of law. *In re Estate of Davis*, 308 S.W.3d 832, 836 (Tenn. 2010); *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 307 (Tenn. 2008). Accordingly, we review the lower courts' construction of a statute de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, ___ S.W.3d ___, ___, 2011 WL 6260862, at *3 (Tenn. 2011); *Knox Cnty. ex rel. Envtl. Termite & Pest Control, Inc. v. Arrow Exterminators, Inc.*, 350 S.W.3d 511, 518 (Tenn. 2011).

When called upon to construe a statute, our task is first to ascertain and then to carry out to the fullest possible extent the purpose of the statute as intended by the General Assembly. *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 213 (Tenn. 2009). In doing so, we must take care not to extend the statute beyond its intended scope. *Lind v. Beaman Dodge, Inc.*, ___ S.W.3d at ___, 2011 WL 6260862, at *3; *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009). We must also limit our inquiry to ascertaining the General Assembly's intent, and we must take care to avoid substituting our own policy judgments for those of the General Assembly. *Berryhill v. Rhodes*, 21 S.W.3d 188, 196 (Tenn. 2000); *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000); *BellSouth Telecomms., Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997).

The General Assembly's intent is reflected in the statute's words. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008). Accordingly, we must focus initially on the statute's words, and we must also give these words their natural and

---

[3]While persons who plead guilty forfeit their right to a direct appeal, they are entitled to file a petition for post conviction relief under Tenn. Code Ann. §§ 40-30-101 to -122 (2006 & Supp. 2011). They are also entitled to file a petition for writ of habeas corpus. *See Edwards v. State*, 269 S.W.3d 915, 921-22 (Tenn. 2008) (noting that "[a] guilty plea does not waive the jurisdictional defects that constitute grounds for habeas corpus relief"); *Smith v. Lewis*, 202 S.W.3d 124, 128 (Tenn. 2006) (granting habeas corpus relief to a prisoner because the judgment of conviction was void on its face); *Stephenson v. Carlton*, 28 S.W.3d 910, 912 (Tenn. 2000) (granting habeas corpus relief to a prisoner who pleaded guilty and accepted a sentence that was not statutorily authorized at the time of the offense).

ordinary meaning. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). When a statute's words are unambiguous, we need look no further than the statute itself. Rather, we need only enforce the statute as written. *Shelby Cnty. Health Care Corp. v. Nationwide Mut. Ins. Co.*, 325 S.W.3d 88, 92 (Tenn. 2010); *U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009).

## II.

The common-law writ of error coram nobis came into being five centuries ago when motions for a new trial and appeals were not recognized. *See State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). The writ was used primarily in civil litigation, *State v. Vasques*, 221 S.W.3d 514, 524 (Tenn. 2007), and it permitted trial courts to reopen and correct judgments upon the "discovery of a substantial factual error not appearing in the record." *State v. Mixon*, 983 S.W.2d at 667.

The General Assembly first codified the writ in 1858.[4] This early version of the writ was very limited in scope. *State v. Vasques*, 221 S.W.3d at 524-25. It could not, for example, be used to challenge judgments in criminal cases. *See Green v. State*, 187 Tenn. 545, 548-51, 216 S.W.2d 305, 306-07 (1948). In 1955, the General Assembly created a new statutory version of the writ specifically applicable to criminal proceedings,[5] but this new writ could not be used to collaterally challenge a conviction based on newly discovered evidence.

It was not until 1978 that the General Assembly broadened the scope of the writ to permit it to be used to challenge a judgment in a criminal case based on newly discovered evidence.[6] Accordingly, Tenn. Code Ann. § 40-26-105(b) now provides:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of

---

[4]Code of Tennessee §§ 3110 to 3118 (Return J. Meigs & William F. Cooper eds., E.G. Eastman & Co. 1858). The general statutes governing writs of error coram nobis are now codified at Tenn. Code Ann. §§ 27-7-101 to -108 (2000).

[5]Act of Mar. 8, 1955, ch. 166, § 1, 1955 Tenn. Pub. Acts 639, 639-40 (codified as amended at Tenn. Code Ann. § 40-26-105).

[6]Act of Mar. 22, 1978, ch. 738, § 1, 1978 Tenn. Pub. Acts 658, 658-59 (codified as amended at Tenn. Code Ann. § 40-26-105(b)).

error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

The writ of error coram nobis, as currently codified in Tenn. Code Ann. § 40-26-105(b), is an extraordinary remedy that should be granted only in extreme cases. *See State v. Mixon*, 983 S.W.2d at 673; *See also United States v. Denedo*, 556 U.S. 904, ___, 129 S. Ct. 2213, 2223 (2009). It is "'known more for its denial than its approval.'" *State v. Vasques*, 221 S.W.3d at 524 (quoting *State v. Mixon*, 983 S.W.2d at 666).

## III.

The issue presented in this case is straightforward. It is whether the statutory writ of error coram nobis, as amended in 1978, may be used to collaterally challenge criminal convictions following a guilty plea. The plain language of Tenn. Code Ann. § 40-26-105(b) itself provides two reasons why this statutory writ cannot be used to challenge a conviction based on a guilty plea.

## A.

The first reason is that the words of Tenn. Code Ann. § 40-26-105(b) – carefully chosen by the statute's drafters – reflect that the General Assembly envisioned that a writ of error coram nobis based on newly discovered evidence would be available only in cases in which there had been a trial. The statute limits the writ "to matters that were not or could not have been litigated on the trial of the case." Similarly, in circumstances where the prisoner demonstrates that he or she was without fault for failing to present evidence at the proper time, the statute permits the prisoner to bring forward "evidence relating to matters which were litigated at the trial." Finally, the statute directs the courts to decline to grant relief based on the newly discovered evidence unless "such evidence may have resulted in a different judgment, had it been presented at the trial." Each of these quoted phrases necessarily presupposes that a trial has taken place.

A proceeding to accept a negotiated plea agreement is not a "trial" for the purpose of Tenn. Code Ann. § 40-26-105(b).[7] In common parlance, a criminal trial is a contested proceeding in open court in which a jury, or in some circumstances a judge, hears the evidence presented by the parties and tested by cross-examination and then determines, based on the weight of the evidence and credibility of the witnesses, whether the prosecution has proved the defendant's guilt beyond a reasonable doubt.[8] In contrast to a trial, a plea agreement obviates the necessity of a trial because the accused waives his or her right to be tried by a jury, the right of confrontation, the privilege against self-incrimination, and the right to require the prosecution to prove its case beyond a reasonable doubt.[9] By entering into a plea agreement, the defendant "consents to entry of a conviction and receipt of the agreed upon punishment without a trial." *State v. Todd*, 654 S.W.2d 379, 382 (Tenn. 1983).[10]

**B.**

The second reason for declining to permit writs of error coram nobis to be used to challenge convictions based on guilty pleas is also based on the plain language of Tenn. Code Ann. § 40-26-105(b). This statutory remedy is intended to fill "only a slight gap" left by other available remedies. *State v. Mixon*, 983 S.W.2d at 672. This slight gap includes only "matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." Tenn. Code Ann. § 40-26-105(b). The Court of Criminal Appeals has correctly added petitions for post-conviction relief to this list. *See, e.g.*, *Langford v. State*, No. W2006-02765-CCA-R3-PC, 2008 WL 1700228, at *3 (Tenn. Crim. App. Apr. 7, 2008) (no Tenn. R. App. P. 11 application filed); *Stomm v. State*, No. 03C01-9110-CR-00342, 1992

---

[7]This is not to say that a proceeding to accept a guilty plea is not a "trial" for other purposes.

[8]Similarly, a popular law dictionary defines a "trial" as "[a] formal judicial examination of evidence and determination of legal claims in an adversary proceeding." Black's Law Dictionary 1543 (8th ed. 2004).

[9]Courts may not enter a judgment on a guilty plea until they "determine that there is a factual basis for the plea." Tenn. R. Crim. P. 11(b)(3). However, witnesses are generally not called to testify during proceedings to accept a negotiated plea agreement. Rather, the prosecutor usually recites the facts upon which the charge and the conviction are based. 10 David Louis Raybin, *Tennessee Practice: Criminal Practice and Procedure* § 22:47, at 263 (rev. ed. 2008) ("10 *Tennessee Practice: Criminal Practice and Procedure*").

[10]Experts on criminal law and procedure also draw a distinction between a proceeding to accept a guilty plea and a trial. *See* 5 Wayne R. LaFave et al., *Criminal Procedure* § 21.1(a), at 520 (3d ed. 2007) (noting that "the great majority of criminal cases are disposed of by plea of guilty rather than by trial"); 10 *Tennessee Practice: Criminal Practice and Procedure* § 22:1, at 179 (noting that "most criminal cases are disposed of other than by a full trial by jury").

WL 97081, at *1 (Tenn. Crim. App. May 12, 1992) (no Tenn. R. App. P. 11 application filed); *State v. Yarbrough*, No. 01C01-9001-CC-00012, 1990 WL 109107, at *2 (Tenn. Crim. App. Aug. 3, 1990), *perm. app. denied*, (Tenn. Oct. 29, 1990).

Even if a guilty plea proceeding can be equated with a "trial" for the purpose of Tenn. Code Ann. § 40-26-105(b), as the majority insists it must, there can be no question that the voluntariness of a guilty plea is a matter that is fully litigated in the proceeding.[11] In fact, determining whether the plea is knowingly and voluntarily entered is at the heart of every guilty plea proceeding. A trial court accepting a guilty plea must satisfy itself that the plea is knowingly, voluntarily, and intelligently entered and that it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 218 (Tenn. 2009)). To that end, Tenn. R. Crim. P. 11(b)(1) requires the trial court to assure that the defendant is entering the plea knowingly,[12] and Tenn. R. Crim. P. 11(b)(2) likewise requires the trial court to assure that the plea is voluntary.

There is no indication in this record that the proceeding in which the trial court accepted Mr. Wlodarz's guilty pleas did not comply with all the requirements of Tenn. R. Crim. P. 11. Accordingly, it must follow that the issue of whether Mr. Wlodarz entered his guilty plea knowingly, voluntarily, and intelligently was, in the words of Tenn. Code Ann. § 40-26-105(b), a "matter[ ] . . . litigated on the trial of the case." Because the issue was actually litigated in September 2001, it cannot be litigated again under Tenn. Code Ann. § 40-26-105(b).

## IV.

The question before this Court today is not whether writs of error coram nobis serve a salutary purpose in Tennessee's criminal justice system. The question is whether the Tennessee General Assembly amended Tenn. Code Ann. § 40-26-105(b) in 1978 for the purpose of providing persons who had pleaded guilty with a third way to challenge their

---

[11]The Court of Criminal Appeals limited the use of a writ of error coram nobis based on newly discovered evidence to claims that the prisoner's guilty plea was not voluntarily or knowingly entered. *Newsome v. State*, 995 S.W.2d at 133-34. The majority opinion does not address or even acknowledge this limitation. The broad and expansive language employed in the majority's opinion implies that the majority has gone far beyond the holding of *Newsome v. State* and has decided that a writ of error coram nobis may be used to challenge a guilty plea on any ground.

[12]Consistent with the interpretation of "trial" in the preceding section, Tenn. R. Crim. P. 11(b)(1)(H) requires the trial court to assure that the defendant understands that by pleading guilty, "the defendant waives the right to a *trial* and there will not be a further *trial* of any kind except as to sentence." (emphasis added)

convictions. Based on the plain language of Tenn. Code Ann. § 40-26-105(b), the answer is no.

Chief Justice Clark has authorized me to state that she concurs in this opinion.

_____
WILLIAM C. KOCH, JR., JUSTICE